United States District Court
Southern Di··· of Texas
F····J

MAR 23 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ROEL GONZALES D/B/A
P.G. FARMS A/K/A P.G. FARMING                    PLAINTIFF

VS.                                          CASE NO. _____

FIREMAN'S FUND AGRIBUSINESS,                 C-00-119
INC., D/B/A/ FIREMAN'S FUND
AGRIBUSINESS AND CARROLL DUNN                    DEFENDANTS
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

### NOTICE OF REMOVAL

TO:   Richard W. Hunnicutt, III, Esq.
      Isidro A. Castanon, Esq.
      Post Office Box 10157
      San Antonio, TX 78201

In accordance with 28 U.S.C. Section 1446(a), you are hereby notified that Defendants Fireman's Fund AgriBusiness, Inc., d/b/a Fireman's Fund AgriBusiness (hereinafter FFAB) and Carroll Dunn (hereinafter Dunn) have removed this action from the District Court of Duval County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division.

1.   Jurisdiction is vested in this Court by virtue of 28 U.S.C. Section 1331. In this action, Plaintiff Roel Gonzales d/b/a P.G. Farms a/k/a P.G. Farming (hereinafter Gonzales) seeks to recover under the terms of a Multiple Peril Crop Insurance (MPCI) policy issued by Defendant FFAB. Any MPCI policy issued, sold and serviced by Defendant FFAB is done so pursuant to the Federal Crop Insurance Act (FCIA) and the rules and regulations promulgated thereunder, 7 C.F.R. Part 400, *et. seq.*, as well as a contractual

Case 2:00-cv-00119   Document 1   Filed in TXSD on 02/23/2000   Page 2 of 76

# CIVIL DOCKET

**CASE NO.** DC-00-48

| DATE OF FILING | | |
|---|---|---|
| **Mo.** | **Day** | **Year** |
| 2 | 16 | 00 |

Jury Fee,

Paid by

Jury No.

PROCESS

**Kind of Action and Party Demanding Jury**

BREACH OF CONTRACT

(6)

| MINUTE BOOK | |
|---|---|
| **Vol.** | **Page** |

**ATTORNEYS**

RICHARD W. HUNNICUTT III

Pltf.

Dft.

ES

/A P.G.
FARMING

RIBUSINESS,
AN'S FUND
CARROLL

**ORDERS OF COURT**

d w/ Requests for Production
for Disclosure

A Carroll Dunn signed. for
Statutim on 2-22-00; and
fund so said for by Sonya De Hoyos
fund Agreements and
filed Original Answer

# ALL., STEIN, DURBIN & HUNNICUT, P.C.

ATTORNEYS AT LAW

6243 IH-10 WEST, SEVENTH FLOOR
P. O. BOX 101507
SAN ANTONIO, TEXAS 78201
(210) 734-7488 / FAX (210) 738-2802

*GULF COAST OFFICE
809 1st Street
Palacios, Texas 77465
(361) 972-6006

Robert A. Allen
Mark R. Stein
Jennifer G. Durbin
Richard W. Hunnicutt, III
John C. Howell
P. Brian Berryman
Isidro O. Castanon
Tom L. Newton, Jr.
Donald L. Crook, Jr.

William J. Maiberger, Jr.
Alex M. Miller
Francisco Guerra, IV
Sandra H. Wadiche
Pamela J. McClain
Jason P. Hoelscher
Jose G. Gonzalez, Jr.
David L. Hanna
Frank J. Ford

February 16, 2000

**HAND DELIVERY**
Mr. Richard M. Barton
District Clerk
P. O. Box 487
San Diego, Texas 78384

FILED AT 4:22 O'CLOCK P M

FEB 1 6 2000

R. BARTON, CLERK
DISTRICT COURT, DUVAL COUNTY TEXAS
BY: Tomasit C.A. DEPUTY

Re:   Cause No. DC-00-48
      Roel Gonzales D/B/A P.G. Farms A/K/A P.G. Farming
      vs.
      Fireman's Fund Agribusiness, Inc., D/B/A Fireman's Fund Agribusiness and Carroll Dunn
      Our File No. 3926-001

Dear Mr. Barton:

Enclosed you will find copies of **Plaintiff's Original Petition with Interrogatories, Requests for Production, and Request for Disclosure, and Order,** which we would appreciate your filing in the above referenced case. Also enclosed is our check in the amount of $156.00 for filing the Petition and two Citations. Enclosed is a self address, stamped envelope for the return of the two Citations.

We would also appreciate your stamping the extra copy attached hereto with the time and date of filing and returning same to our office for our files. Thank you for your courtesy and attention to the above.

Very truly yours,

By: _____
      Richard W. Hunnicutt, III

RWH\dda
Enclosures
#204928

| | DATE FILED | I N D E X |
|---|---|---|
| 1 | 2-16-00 | Plaintiff's Original Petition |
| 2 | 2-17-00 | Serving Citation to: Fireman's Fund agribusiness Inc. D/B/A Fireman's Fund agribusiness By Serving its registered agent C.T. Corp. By C/m Delivery on 2-22-00 Ret'd filed 2/25/00 |
| 3 | 2-17-00 | Serving Citation to: Carroll Dunn, Issued on 2-17-00 Delivered on 2-22-00, Ret'd filed 2-25-00 |
| 4 | 3-17-00 | Defendants' Firemen's Fund Agribusiness Inc. DBA Firemen's Fund Agribusiness and Carroll Dunn's Original Answer |

Case 2:00-cv-00119   Document 1   Filed in TXSD on 03/23/2000   Page 5 of 76

NO. DC-00-48 _____          FEB 1 6 2000

R. BARTON, CLERK

| | | |
|---|---|---|
| ROEL GONZALES D/B/A | § | IN THE DISTRICT COURT |
| P.G. FARMS A/K/A P.G. FARMING | § | BY: _____ |
| | § | |
| vs. | § | 229th JUDICIAL DISTRICT |
| | § | |
| FIREMAN'S FUND AGRIBUSINESS, | § | |
| INC., D/B/A FIREMAN'S FUND | § | |
| AGRIBUSINESS AND CARROLL DUNN | § | DUVAL COUNTY, TEXAS |

## <u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

ROEL GONZALES D/B/A P.G. FARMS A/K/A P.G. FARMING, Plaintiff, files this original petition against FIREMAN'S FUND AGRIBUSINESS, INC., D/B/A FIREMAN'S FUND AGRIBUSINESS (hereinafter "Fireman's Fund") AND CARROLL DUNN, Defendants, for the following reasons:

1.     <u>Service of Process</u>.  Service of process may be had on FIREMAN'S FUND AGRIBUSINESS, INC., D/B/A FIREMAN'S FUND AGRIBUSINESS, by serving its registered agent for service of process, C.T. Corporation, 811 Dallas Avenue, Houston, Texas 77002, and CARROLL DUNN, may be served with process at 8220 Orlando, Lubbock, Texas 79423.

2.     <u>Statutory authority</u>.  This suit is brought, in part, under the authority of TEX. INS. CODE art. 21.21 § 16.  This suit also is brought, in part, under the authority of TEX. Bus. & COM. CODE § 17.41 *et seq.,* commonly known as the Deceptive Trade Practices-Consumer Protection Act and cited in this petition as the "DTPA."

3.     <u>Venue</u>.  Venue is proper in Duval County, Texas, in that the crops insured under the subject policy of insurance were located in Duval County, and the policy in question was to be performed in Duval County.

4.     <u>The insurance policy</u>.  Plaintiff purchased a watermelon crop insurance Policy No. 42-090-327437 for the Spring and Fall 1999 crops from Defendant.  At all times material to this action, the insurance policy was in full force and effect.  Substantial premiums were paid.

5.     <u>The loss</u>.  During the policy period, plaintiff suffered a loss to his Spring watermelon crop caused primarily by hail damage with resulting complications.  Plaintiff also suffered a catastrophic loss to his Fall watermelon crop due primarily to hurricane flooding and resulting complications.  Plaintiff gave timely notice of these claims and complied with the terms of the policy.  The claims were adjusted and handled by both Defendants.  Defendants

delayed his claims unreasonably and without reasonable investigation or explanation. Defendant's further unreasonably denied both of Plaintiff's claims on his Fall crop entirely.

6.    Actionable conduct.  Defendants failed to evaluate and adjust Plaintiff's claim for benefits in good faith and failed to deal fairly with Plaintiff.  Defendants failed and refused to evaluate the information and the surrounding facts, choosing instead to hide behind the palpably incorrect assumptions and conclusions of its agents, employee, and consultants.  In order to justify its claim delays, Defendants wrongfully argued inadequate irrigation practices, ignoring the evaluations of the Federal Crop Inspectors.  Defendants persisted in their delays of Plaintiff's claim for benefits and its unfounded position even though an insurance company of ordinary prudence and care would have done otherwise.

For many years, Defendants have exhibited a pattern and practice of unfair and malicious claims handling.  Defendants have delayed payment to Plaintiff on other crops and subjected him to additional harassing investigation that other farmers have not had to endure.  While other farmers' crops were timely adjusted and paid, Defendants would take every opportunity to delay payment to Plaintiff.  Defendants also would conduct investigations which were not being conducted on other farmers in the area.

Plaintiff has been a profitable watermelon farmer for many years.  In 1999, watermelon insurance was offered for the first time in Duval County.  Plaintiff purchased and paid for premiums for both Spring and Fall 1999 watermelon crops.  Defendant, Carroll Dunn, specifically said to individuals before any loss was reported on the Spring watermelon crop in 1999, that "I guarantee I will never pay a watermelon claim to Roel Gonzales."

Carroll Dunn, a vice principal for Fireman's Fund, also on numerous occasions has told Federal Crop Inspectors that Roel Gonzales was a crook, abusing the system, that he was going to break Roel Gonzales, and similar malicious comments.

Plaintiff timely, reasonably, and adequately planted and farmed a Spring watermelon crop and a Fall watermelon crop in 1999.  Shortly after the planting deadline for the Spring watermelon crop, that crop was damaged by hail and other insured causes.  Despite timely reporting said claim, Defendants failed to timely investigate and adjust said crop, causing Plaintiff to incur additional expenses inflicting considerable harassment and worry upon Plaintiff.  That claim was finally paid in September 1999, after much vexation and worry.

Plaintiff also timely and adequately planted and farmed a Fall watermelon crop in 1999.  Shortly after the planting deadline, Hurricane Brett struck the area, and Plaintiff's tender, young watermelon plants were subjected to fatal flooding.  Despite other farmers being quickly adjusted, appraised, and paid by Defendants, Defendants delayed the investigation, and delayed the decision making process as to Plaintiff's claim, so that Plaintiff was forced to incur time and expense trying to save a crop that was doomed from the beginning.

The approximate amount of the coverage for the Fall watermelon crop was 1.2 million dollars.  Defendant was carrying substantial notes on said crop.  All of this amounted to an

2

incredible financial drain and worry beyond mere disappointment or frustration. Defendants finally denied Plaintiff's claim in January of the year 2000, for the purported reason that the crop was not properly irrigated. Plaintiff would specifically show that not only were the crops properly irrigated and planted in a timely manner, but also that the crops were lost to an insured cause wholly unrelated to drought.

7.   Causes of action. The facts stated in the preceding paragraph[s] give rise to the following causes of action:

(a)   Breach of the duty of good faith and fair dealing. As a result of the relationship of the parties created by the nature of the policy of insurance and the parties' unequal bargaining power, an insurance company (Fireman's Fund) owed and owes to its insured (Roel Gonzales) a duty to deal fairly and in good faith. Defendant, Fireman's Fund, has failed to deal in good faith. There was and is no reasonable basis for Defendant's delays of Plaintiff's claim for the full benefits payable under the policy. Defendant's actions were unfair because plaintiff's losses were the type of losses defendant promised to pay. Defendant thus breached its duty to deal fairly and in good faith with Plaintiff.

(b)   Breach of contract. The conduct of Defendant, Fireman's Fund, constitutes a breach of the contract of insurance between Plaintiff and Defendant. As a result of this breach, Plaintiff has suffered damages, all of which were reasonably foreseeable.

(c)   Violations of the Texas Insurance Code and Insurance Regulations. Defendants have engaged in the following practices in violation of the rules and regulations of the State Board of Insurance: (1) Defendants have failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of plaintiff's claim after liability under the insurance policy became reasonably clear; (2) Defendants have compelled Plaintiff to institute this suit to recover amounts due under the policy of insurance by failing to offer to pay Plaintiff the policy benefits to which Plaintiff is entitled and which he will ultimately recover in this suit. This conduct constitutes unfair claims settlement practices, as defined in Art. 21.21-2 of the Texas Insurance Code, which are actionable pursuant to Board Order 18663, readopted as Board Order 41060, 28 TEX. ADMIN. CODE §§ 21.3(a) (Hart 1988). Further, defendant's breach of the common law duty of good faith and fair dealing, as described above, constitutes an unfair or deceptive act or practice in the business of insurance. Such conduct is actionable under Board Order 41060 of the State Board of Insurance. 28 TEX. ADMIN. CODE § 21.3(b). Finally, Defendants' actions outlined in Paragraph 6, "Actionable Conduct" amount to numerous violations of Article 21.21 of the Texas Insurance Code.

(d)   Defamation. Carroll Dunn, acting in the course and scope of his employment for Fireman's Fund, and acting as a vice principal of the company, affirmatively made slanderous and slanderous per se statements about Roel Gonzales. Defendant stated that Roel Gonzales was a crook, and he was going to break Roel Gonzales. These statements were and are false, and Defendant had no reasonable basis to believe they were true. Said statements were made to numerous individuals in the farming and insurance business. They were made with malice and have damaged Plaintiff's reputation in the community.

3

(e)   Negligent Misrepresentation.  Employees and agents for Fireman's Fund, acting within the course and scope of their employment, negligently misrepresented to Roel Gonzales the terms and conditions of the subject policy.  To the extent there were any terms or conditions required under the policy that Mr. Gonzales failed to meet, which Plaintiff denies, Defendant would be guilty of failure to notify Mr. Gonzales of such terms and conditions. Defendants also represented to Plaintiff that his crops would be covered for insured losses, and that his claims would be fairly and timely adjusted when same was not true.

(f)   Gross Negligence.   The conduct more fully described in Paragraph 6, "Actionable Conduct," demonstrates such malicious intent, want of care, and in fact, intentional acts, that Defendants are guilty of gross negligence.  Defendants purposefully delayed payments on Plaintiff's claims, knowing that Plaintiff was carrying large notes on said crops.  Defendants were fully aware that Plaintiff not only needed to pay off those notes, but needed the profits from those crops in order to continue farming.  There was no doubt in Defendants' minds that delay, much less denial, on Plaintiff's claims would cause substantial financial harm to Plaintiff.  With full knowledge of this effect that their actions would have on Plaintiff, Defendants delayed and denied Plaintiff's claims with malicious intent.

(g)   Malice.   The actions more fully described in Paragraph 6, "Actionable Conduct," also demonstrate malice on the part of Defendants.  Additionally, Defendants not only unreasonably delayed and denied payment to Plaintiff, but they did so by completely ignoring Federal Crop Inspectors reports, which were contrary to the reasons given for the denial.  Defendants are guilty of malice and have caused Plaintiff serious damages.

8.   Course and scope.  All of the actions taken by employees, servants, and agents for Fireman's Fund were done within the course and scope of said relationship.  Carroll Dunn specifically was acting in a managerial capacity covering a large region of Texas, out of Fireman's Fund's Lubbock office.  Mr. Dunn was a person who had authority to direct employees and independent contractors of the corporation, and who had authority to manage the affairs of Fireman's Fund for Texas.  Additionally, Mr. Dunn's actions were ratified by his superiors.

9.   FCIA not applicable.  The actions taken by Defendants described herein were not authorized by the Federal Crop Insurance Act (FCIA), regulations, or the contract. Defendants failed to honor the terms of the contract, and therefore, are outside the scope of the FCIA.

10.   Knowing conduct.   Said actions outlined in the paragraphs above were committed knowingly.  Plaintiff seeks appropriate treble damages under the Texas Insurance Code and Deceptive Trade Practices Act.

11.     Causation: actual damages.

(a)     The conduct described above was a producing, proximate, and direct cause of actual damages to Plaintiff.  Plaintiff has suffered the loss of the insured crop with the reasonably foreseeable affect on his credit standing and financial ability to continue farming. Plaintiff has also suffered the type of mental anguish for which the law allows compensation.

(b)     These damages include, but are not limited to, the full benefits payable under the policy together with the out of pocket expenses incurred by plaintiff, and mental anguish and distress suffered by Plaintiff.  Plaintiff seeks pre-judgment interest at the highest lawful rate . The amount of actual damages which should be awarded exceeds the minimum jurisdictional limits of the Court.

12.     Exemplary: treble damages.

(a)     Defendant's breach of the duty of good faith and fair dealing was intentional, malicious, and the result of a conscious indifference to the rights and welfare of Plaintiff. Further, Defendant's conduct was committed knowingly, that is, with an actual awareness of the unfair nature of the conduct giving rise to Plaintiff's claim.  In order to punish Defendant and set an example and thereby prevent other farmers and policyholders from being treated in this manner, exemplary damages are necessary.  Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate to accomplish these goals.

(b)     Alternatively, because of Defendants' knowing violation of law, Plaintiff seeks mandatory treble damages pursuant to TEX. INS. CODE Art. 21.21 § 16(b).

13.     Attorney's fees. Plaintiff has been forced to retain the undersigned counsel to seek justice and asks for reasonable and necessary attorney's fees and expenses.

14.     Notice of Insurance Code claims.  Due to the pendency of the large notes Plaintiff owes on his 1999 crops, Plaintiff is not financially able to provide notice under the statutes.  All other notices under the contract were timely made.

15.     Discovery.     Attached to this Petition are Interrogatories, Requests for Production and Request for Disclosure for Defendants to answer.

16.     Requests for relief. Plaintiff asks that Defendant be cited according to law to appear and answer this lawsuit, and, after final trial, Plaintiff seeks the following relief:

(a)     A judgment for all of Plaintiff's actual damages and exemplary, or alternatively, treble damages in the full amount allowed by law.

(b)     A judgment for pre-judgment and post-judgment interest in the highest amount allowed by law.

5

(c)     A judgment for attorney's fees and costs of court.

(d)     Such other relief to which plaintiff may be entitled.

Respectfully submitted,

ALLEN, STEIN, DURBIN & HUNNICUTT
6243 IH-10 West, Suite 700
Post Office Box 101507
San Antonio, Texas  78201
Phone:210/734-7488
Fax:    210/738-2802

By: _____
Richard W. Hunnicutt, III
State Bar No. 10279700
Isidro A. Castanon
State Bar No. 03980960
ATTORNEYS FOR PLAINTIFF

#204807\3926-001

6

FILED AT *472* O'CLOCK *P* .M

NO. DC -00 - 48

FEB 1 6 2000

| | | |
|---|---|---|
| ROEL GONZALES D/B/A | § | IN THE DISTRICT COURT |
| P.G. FARMS A/K/A P.G. FARMING | § | |
| | § | *Tomas et C. Salm* |
| vs. | § | 229th JUDICIAL DISTRICT |
| | § | |
| FIREMAN'S FUND AGRIBUSINESS, | § | |
| INC., D/B/A FIREMAN'S FUND | § | |
| AGRIBUSINESS AND CARROLL DUNN | § | DUVAL COUNTY, TEXAS |

### FIRST SET OF INTERROGATORIES TO FIREMAND'S FUND
### D/B/A FIREMAN'S FUND AGRIBUSINESS

To:   FIREMAND'S FUND D/B/A FIREMAN'S FUND AGRIBUSINESS

"Instructions:" The undersigned party propounds the attached questions to you under the provisions of Rule 168 of the Texas Rules of Civil Procedure. These questions are being served on your attorney and answers to the interrogatories should, to the extent possible, be answered in the spaces provided and if additional space is needed, please use additional sheets or the back of the preceding page. You are notified that this party specifies that the answers shall be served on the first business day after the expiration of fifty(50) days from the date of these questions, and that the questions and your sworn answers may be offered in evidence at the trial of this lawsuit.

In answering these questions, furnish all information available to you, including information in the possession of your attorney, or their investigators, and all persons acting on your behalf and not merely such information known of your own personal knowledge. If you cannot answer the interrogatory in full after exercising due diligence to secure the information, so state in your answer and to the extent possible answer stating whatever information or knowledge you have.

The questions which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise

modify your answers given to the interrogatories below.  Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have meaning indicated below:

a.      "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

b.      "His" or "He" means his, he, hers, she, or it and is meant to be gender neutral.

c.      "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra-office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original.  If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

   1.      Missing or lost;

   2.      Destroyed;

   3.      Transferred voluntarily or involuntarily to others, and, if so, to whom or

   4.      Otherwise disposed of; and in each instance, explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

d.      "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

e.      "Policy No. 42-090-327437" means the 1999 watermelon crop insurance purchased by Plaintiff in the Spring and Fall watermelon crops in Duval County, Texas.

f.      "Photograph" means any picture, representation, computer generated image, image, graphic representation, computer or electronic reproduction, either still or moving, obtained by any process of the art or practice of producing images of objects, places or persons upon a photosensitive surface by the chemical action of light or other radiant energy, or upon any other medium by electricity, magnetic, chemical, imprintation or engraving.

In each question wherein you are asked to **identify a document**, state with respect to each such document if a copy thereof is not attached to your answers as follows:

2

a.   The identity of the person who signed it or over whose name it was issued;

b.   The identity of the person or persons to whom it was addressed;

c.   The identity of the person who prepared it;

d.   The title and substance of the document with sufficient particularity to enable the same to be identified;

e.   The date of the document;

f.   The date the document was executed or prepared, if different from the date it bears;

g.   If the document or a copy of it is not in your custody or control, the identity of the person who has control or custody of it or a copy of it.

In each question wherein you are asked to **identify a person**, state with respect to such person as follows:

a.   His full name, and any other names or nicknames the person has gone by.
b.   His last known address and phone number.
c.   The name and address of his employer.
d.   His title.

If the person to be identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

If you object to attaching to your answers any requested document or object to identifying any person as hereinabove defined, or you feel that a court order should be obtained by this party, please so state in your answers to the interrogatory.

3

Respectfully submitted,

ALLEN, STEIN, DURBIN & HUNNICUTT
6243 IH-10 West, Suite 700
Post Office Box 101507
San Antonio, Texas  78201
Phone:210/734-7488
Fax:   210/738-2802

By: _____
        Richard W. Hunnicutt, III
        State Bar No. 10279700
        Isidro A. Castanon
        State Bar No. 03980960
ATTORNEYS FOR PLAINTIFF

#204844\3926-001

4

# INTERROGATORIES

1.  Please **identify** the person answering this discovery including the title held with Defendant.

**ANSWER:**

2.  State the name, address and telephone number of all persons of which the Defendant is aware, by personal knowledge or belief, who have or may have knowledge of facts relevant to the subject matter of this lawsuit. Specifically segregate and indicate those persons who might have knowledge relating to the following areas of inquiry:

   a.  The investigation and handling of the underlying crop insurance claim between each of the Plaintiffs and Defendant which resulted in the filing of this action.

   b.  Any other persons who have or may possess knowledge of facts relevant to the subject matter of this lawsuit or the underlying crop insurance claim.

   c.  Any person who has knowledge or relevant facts pertaining to the farming practices utilized by Plaintiff.

   d.  Any person who has knowledge or relevant facts pertaining to the cause or causes for the watermelon crop losses sustained by the Plaintiff.

**ANSWER:**

3.  **Identify** and give the correct legal name for the company which insured, reinsured, wrote, or underwrote, the subject policy of crop insurance, Policy No. 42-090-327437.

**ANSWER:**

4.  **Identify** and give the correct legal name of all companies and individuals, if not employees of Defendant, who investigated, adjusted, or handled the claims under Policy No. 42-090-327437.

5

**ANSWER:**

5.  If you contend that some other person or legal entity is, or may be, in whole or in part, liable to any party in this matter, **identify** that person or legal entity and describe in detail the basis of said liability.

**ANSWER:**

6.  Set forth the names and addresses of all insurance companies that have liability or Errors and Omissions insurance coverage relating to the matters alleged in the petitions, or in any future counterclaims, cross-actions or interventions, the number or numbers of said policies, the amount of coverage provided in each policy, and the named insured in each policy.

**ANSWER:**

7.  Identify every adjuster, inspector, supervisor, manager, or other insurance representative assigned to, or who investigated or adjusted Policy No. 42-090-327437, the watermelon insurance for the Spring and Fall 1999 watermelon crops farmed by Plaintiff and made the basis of this lawsuit.

**ANSWER:**

8.  If Defendant has not been sued in the correct capacity, then who would be the correct Defendant(s)?

**ANSWER:**

9.  State the name and business address of the insurance representatives, adjusters and/or supervisors who in whole or part have made the decisions regarding payment or nonpayment on Policy No. 42-090-327437.

**ANSWER:**

10.     Completely describe all facts known to you to support your denial for the Fall 1999 watermelon crop under Policy No. 42-090-327437.

**ANSWER:**

11.     Completely describe all reasons you have for delaying payment on the Spring 1999 watermelon crop under Policy No. 42-090-327437.

**ANSWER:**

12.     State in full detail, with the identification of witnesses to support same, your reasons for believing Plaintiff was not in compliance with the terms of the subject policy.

**ANSWER:**

13.     Explain your opinion as to the causes for the losses of the Spring 1999 and Fall 1999 watermelon crops made the basis of this suit.

**ANSWER:**

14.     Please state completely and fully your version how the occurrences made the basis of this lawsuit occurred.

**ANSWER:**

7

15.    Please state completely and fully all representations, statements, declarations or admissions made by this party or any agents, servants or employees of this party which you might attempt to make known to the Judge or Jury in the trial of this lawsuit.

**ANSWER:**

16.    Please state each and every lawsuit involving delay or denial of crop insurance coverage in which you have been named a party for the last ten (10) years in Texas.   In answering this interrogatory, state if you were a Defendant or Plaintiff, the style, cause number, jurisdiction, state, county, and date on which the case was filed.

**ANSWER:**

17.    Please describe in detail everything you feel this party did or failed to do to cause or contribute to the occurrence or damages.

**ANSWER:**

18.    Please describe in complete detail what you will contend is the value of the Fall 1999, watermelon crop, if the judge or jury determines there is complete coverage for same.

**ANSWER:**

19.   State the procedures relied upon and the criteria utilized by Defendant in its investigation, processing, handling and decision-making in each of the Plaintiff's underlying crop insurance denied, qualified, refused, or delay payment in any respect at any time.

**ANSWER:**

Case 2:00-cv-00119   Document 1   Filed in TXSD on 03/23/2000   Page 20 of 76

NO. DC-00-48                          FEB 1 6 2000

|  |  |  |
|---|---|---|
| ROEL GONZALES D/B/A | § | IN THE DISTRICT COURT |
| P.G. FARMS A/K/A P.G. FARMING | § |  |
|  | § |  |
| vs. | § | 229th JUDICIAL DISTRICT |
|  | § |  |
| FIREMAN'S FUND AGRIBUSINESS, | § |  |
| INC., D/B/A FIREMAN'S FUND | § |  |
| AGRIBUSINESS AND CARROLL DUNN | § | DUVAL COUNTY, TEXAS |

## FIRST SET OF REQUESTS FOR PRODUCTION TO
## FIREMAND'S FUND D/B/A FIREMAN'S FUND AGRIBUSINESS

To:    FIREMAND'S FUND D/B/A FIREMAN'S FUND AGRIBUSINESS

Now comes the Plaintiff, Roel Gonzalez d/b/a P.G. Farms a/k/a P.G. Farming, and requests the Defendant, Fireman's Fund Agribusiness, Inc. d/b/a Fireman's Fund Agribusiness, to produce the below-listed items listed items pursuant to Rule 167 of the Texas Rules of Civil Procedure.

You are hereby requested to produce the below-listed items for inspection, photographing, and copying at 6243 IH-10 West, Seventh Floor, San Antonio, Texas 78201. You are advised that pursuant to Rule 167, you must make a written response that shall state with respect to each item or category of items that inspection will be permitted as requested and that you will comply with this request, except to the extent that objections are made, stating specific reasons why such discovery will not be allowed. **Response to these Requests, to the extent possible, shall be made in the spaces provided and if additional space is needed, please use additional sheets or the back of the preceding page.** You are advised that pursuant to Rule 167, a response to this Request shall be served within fifty (50) days after receipt of this Request.

In responding to these Request for Production, please organize and label the documents or items to correspond with the categories in the Request pursuant to Texas.R.Civ.P. 167f.

"Instructions:"  The undersigned party propounds the attached questions to you under the provisions of Rule 167 of the Texas Rules of Civil Procedure.  These questions are being served on your attorney and responses to the request for production should, to the extent possible, be answered in the spaces provided and if additional space is needed, please use additional sheets or the back of the preceding page.  You are notified that this party specifies that the answers shall be served on the first business day after the expiration of thirty (30) days from the date of these questions, and that the questions and your responses may be offered in evidence at the trial of this lawsuit.

In answering these questions, furnish all information available to you, including information in the possession of your attorney, or their investigators, and all persons acting on your behalf and not merely such information known of your own personal knowledge.  If you cannot respond to the request for production in full after exercising due diligence to secure the information, so state in your answer and to the extent possible answer stating whatever information or knowledge you have.

The requests which follow are to be considered as continuing, and you are requested to provide by way of supplemental responses hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the interrogatories below.  Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have meaning indicated below:

a.  "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

b.  "His" or "He" means his, he, hers, she, or it and is meant to be gender neutral.

c.  "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, bulletins, handbooks, guidelines, manuals, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra-office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody

2

or control of the original.  If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

1.    Missing or lost;

2.    Destroyed;

3.    Transferred voluntarily or involuntarily to others, and, if so, to whom or

4.    Otherwise disposed of; and in each instance, explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

d.    "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

e.    "Policy No. 42-090-327437" means the 1999 watermelon crop insurance purchased by Plaintiff in the Spring and Fall watermelon crops in Duval County, Texas.

f.    "Photograph" means any picture, representation, computer generated image, image, graphic representation, computer or electronic reproduction, either still or moving, obtained by any process of the art or practice of producing images of objects, places or persons upon a photosensitive surface by the chemical action of light or other radiant energy, or upon any other medium by electricity, magnetic, chemical, imprintation or engraving.

In each question wherein you are asked to **identify a document**, state with respect to each such document if a copy thereof is not attached to your answers as follows:

a.    The identity of the person who signed it or over whose name it was issued;

b.    The identity of the person or persons to whom it was addressed;

c.    The identity of the person who prepared it;

d.    The title and substance of the document with sufficient particularity to enable the same to be identified;

e.    The date of the document;

f.    The date the document was executed or prepared, if different from the date it bears;

g.    If the document or a copy of it is not in your custody or control, the identity of the person who has control or custody of it or a copy of it.

3

In each question wherein you are asked to **identify a person**, state with respect to such person as follows:

    a.     His full name.
    b.     His last known address and phone number.
    c.     The name and address of his employer.
    d.     His title.

If the person to be identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

If you object to attaching to your responses any requested document or object to identifying any person as hereinabove defined, or you feel that a court order should be obtained by this party, please so state in your responses to the request for production.

4

You are requested to produce the following items:

**REQUEST NO. 1:**

Produce a true and accurate copy of the entire policy (not just a certificate of coverage) and a declarations page on Policy No. 42-090-327437, which Plaintiff is an insured.

**REQUEST NO. 2:**

Produce a true and accurate copy of any witness statement provided to Defendant by any party or witness concerning the incident made the basis of this suit.

**REQUEST NO. 3:**

Produce a true and accurate copy of photographs, videos, or digital images regarding the crops, farms, equipment, or incidents made the basis of this lawsuit.

**REQUEST NO. 4:**

Produce a true and accurate copy of any statement taken from Plaintiff or his agents, servants or employees concerning any incidents made the basis of the suit.

**REQUEST NO. 5:**

Produce a true and accurate copy of any statement given by any witness to Defendants regarding the incident made the basis of this suit.

**REQUEST NO. 6:**

Produce a true and accurate copy of any statement taken from any other party or witness concerning their investigation into the incident made the basis of this suit.

**REQUEST NO. 7:**

Produce a true, complete, and accurate copy of the claims file for Policy No. 42-090-327437, including, but not limited to:

a       a copy of all documents reflecting the file reserves;

b       a copy of any photographs, video, or digital images taken of the crops, farms, equipment or individuals;

c)      a copy of all adjuster or inspector's claims notes contained in the file;

d)      a copy of the supervisor's evaluation review and authorization to the adjuster to pay or not pay on the claim;

e)      a copy of all handwritten transcriptions of phone conversations with witnesses, attorneys, insureds contained in the file;

f)      a copy of any letters from Defendant's attorneys to Defendant providing advice on the processing or conclusion of the claim file;

g)      a copy of all records, reports, and bills contained in the claim file;

h)      a copy of any documents which contain the claims adjuster's evaluation on this file;

i)      a copy of any documents between Defendant's home office and the Lubbock claims office in reference to this claim;

j)      a copy of the file jacket;

k)      Any and all documents signed by Plaintiff;

l)      Any and all nonwaiver agreements;

m)      Any and all reservation of rights letters;

n)      Any and all MPCI Adjuster Field Review Forms;

6

o)    Any and all Adjuster's Special Reports with any attachments;

p)    Any document prepared by any Federal crop inspector concerning Plaintiff or Plaintiff's 1999 watermelon crops in Duval County;

q)    Any and all watermelon appraisal worksheets;

r)    Any and all production worksheets;

s)    Any documents received from any Federal agent or entity pertaining to Plaintiff or Plaintiff's crops or the related weather;

t)    Any and all documents received from any State or local agent or entity pertaining to Plaintiff or Plaintiff's crops or the related weather;

u)    a copy of any monthly review notes, documents, or records on any periodic review of the file in the claims department; and,

v)    a copy of any documents which reveal any investigation into the liability facts or the damages alleged by the claimant.


## REQUEST NO. 8:

A copy of all correspondence sent from you to Plaintiff regarding any claims regarding Policy No. 42-090-327437.


## REQUEST NO. 9:

Copies of all documents that show you complied with the requirements of the Texas Insurance Code art. 21.55.


## REQUEST NO. 10:

Please produce a copy of any statement previously made by Plaintiff or an agent of Plaintiff concerning the subject matter of this lawsuit, which is in the possession, custody or control of Defendant or any other party. For the purpose of this request, a

statement previously made is (a) a written statement signed or otherwise adopted or approved by the person making it, and (b) a stenographic, mechanical, electrical or other type of recording or any transcription thereof which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

By way of special instruction, a statement made by Plaintiff concerning the subject matter of this lawsuit would include any written, recorded, or transcribed statement made regarding each of the Plaintiff's underlying crop insurance claims.

## REQUEST NO. 11:

With respect to experts used for consultation who are not expected to be called as witnesses at trial but whose work product forms a basis, either in whole or in part, of the opinions of an expert who is to be called as a witness, produce all materials prepared by the consulting expert, which will comprise, but not be limited to, documents and tangible things, including all tangible reports, physical models and compilation of data prepared in anticipation of a testifying expert's trial and deposition testimony, as well as each expert's curriculum vitae or resume.

## REQUEST NO. 12:

Please produce any documents so identified. If the communications were oral in nature, request is made to have them reduced to writing or other tangible form and produced for inspection and copying.

## REQUEST NO. 13:

Please produce any documents containing regulations, codes, and laws which the Defendant claims were applicable in controverting, denying, qualifying, refusing to pay or timely refusing to pay each of the Plaintiff's crop insurance claim.

8

**REQUEST NO. 14:**

Produce any and all documents relating to any correspondence, reports or communications, between the Defendant, its agents or representatives, and any and all health care providers who treated each of the Plaintiffs for injuries made the basis of the underlying crop insurance claim.

**REQUEST NO. 15:**

Please produce Defendant's complete unredacted claims files regarding or relating to the underlying crop insurance claim made the basis of this lawsuit.

**REQUEST NO. 16:**

Please produce Defendant's complete unredacted claims files relating to any crop insurance policy of insurance maintained by Defendant regarding the Plaintiff together with identifying information as to the location of the claims file in the ordinary course of business (e.g., home file, office file regional office file, field office file, etc.).

**REQUEST NO. 17:**

Please produce the complete and unredacted agents' or adjusters' policy or claim file of the agent or adjuster who handled investigated, processed, or made any decision regarding the underlying crop insurance claims made by Plaintiff.

**REQUEST NO. 18:**

Please produce all written communications and written records of oral communications between any employee of or person acting on behalf of Defendant and any third party relating in any way to each of the Plaintiff's underlying crop insurance claims.

**REQUEST NO. 19:**

Please produce Defendant's complete underwriting or insurance files referring or relating in any way to any crop insurance policy that applies between Defendant and Plaintiff. This material will include, without limitation:

a.   Any communications and written records of oral communications referring or relating in any way to the issuance of any crop insurance policy that applies to Plaintiff.

b.   Any file folders containing or intended to contain any underwriting information or insurance information pertaining to the crop insurance policies that applies to Plaintiff.

c.   Any form of written communication, including claims manuals, memoranda, letters, training manuals, and directives directed to any claims personnel or any person acting on behalf of Defendant in handling claims that refer or relate in any way to the handling of crop insurance claims. This information will include, without limitation, any documents reflecting Defendant's claims, settlement policies at the time Defendant controverted, denied, qualified, refused to pay or timely refused to pay each of the Plaintiff's underlying crop insurance claim, and any documents reflecting subsequent changes of policy.

**REQUEST NO. 20:**

Please produce all promotional materials provided or broadcasted by Defendant during the twelve months preceding the issuance of the crop insurance policy that applies to Plaintiff in the underlying crop insurance claim that is (1) of an institutional nature, and (2) that refers in any way to crop insurance policies of the kind in issue in each of the Plaintiff's underlying crop insurance claims.

**REQUEST NO. 21:**

Please produce all claims files relating to every claim Defendant has caused to be controverted, denied or refused to (timely) pay for the State of Texas during the period of ten (10) year before the controversion, denial, qualification, refusal to pay or timely

10

CVAPDF - www.fastio.com

refusal to pay each of the Plaintiff's underlying crop insurance claims and extending through the present.

**REQUEST NO. 22:**

Produce all educational materials used for the training of Defendant's sales agents, claims adjusters, and other personnel who were involved in the processing of the crop insurance claim made by Plaintiff as well as similar materials used in training new hires at this time.

**REQUEST NO. 23:**

Please produce any minutes and/or memoranda of any meetings of any board of directors, policy committee, claims committee, agents committee or similar group relevant to the handling of Plaintiff's underlying crop insurance claim.

**REQUEST NO. 24:**

Please produce any agents, adjusters, or policyholders' protests or inter- or intra-office memos regarding the handling, processing, or investigation of each of the Plaintiff's underlying crop insurance claim or any claim made under a policy similar to the one issued to Plaintiff.

**REQUEST NO. 25:**

Please produce all documents relating to any review of any relevant issue regarding the processing, investigation, handling and decision-making regarding each of the Plaintiff's underlying crop insurance claims or policy or claims similar to the one issued to each of the Plaintiff's employer and made applicable to the Plaintiff. Include any administrative body or other governmental entity documentation received by you including any complaints filed with the State Board of Insurance.

11

**REQUEST NO. 26:**

Produce for inspection and copying all documents which reflect the Defendant's net worth as defined in the interrogatories including, but not limited to, all corporate tax returns for the years 1998 and 1999, all profit and loss statements for the years 1998 and 1999, and all financial statements of the Defendant for the years 1998 and 1999.

**REQUEST NO. 27:**

A true and correct copy of the following handbooks, guidelines, or manuals, together with any amendments, additions or addendums, which would have been in effect for the 1999 watermelon crop:

A.    Crop Insurance Handbook (CIH) published by USDA;
B.    Loss Adjustment Manual (NCIS);
C.    Any and all Bulletins, memos, Manuals, guidelines or handbooks concerning the 1999 watermelon crop insurance coverage, adjusting or farming whether prepared by Defendant or prepared by another individual or entity.

**REQUEST NO. 28:**

If you have identified any expert witness in the Request for Disclosure whom you may call upon as a witness in your behalf in this case, but such experts have not recorded or reduced to a tangible form their factual observations, tests, supporting data, calculations, photographs or opinions concerning the subject matter of this case, then will you voluntarily have such experts record or reduce to a tangible form their factual observations, tests, supporting data, calculations, photographs or opinions, concerning this case and furnish them to this Defendant. If not, please state why you will not.

**REQUEST NO. 29:**

Any and all non-privileged documents reflecting other lawsuits to which you have been a party.

**REQUEST NO. 30:**

Any and all public documents relating to this incident or in your possession including but not limited to, police reports, witness reports, weather reports, criminal records, and land titles.

**REQUEST NO. 31:**

Please produce all photographs, digital images, video tapes, motion pictures, maps, drawings, diagrams, measurements, surveys or other documents concerning the events and happenings made the basis of this lawsuit, the area, persons, crops, equipment or farms involved, either made before, at the time, or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

**REQUEST NO. 32:**

A copy of any deposition, pleading, report, article, or document used to impeach, attack the credibility, or attack the qualifications of any expert retained by this defendant.

Respectfully submitted,

ALLEN, STEIN, DURBIN
  & HUNNICUTT, P.C.
6243 I.H. 10 West, Suite 700
P.O. Box 101507
San Antonio, Texas  78201
Telephone  (210) 734-7488
Telecopier (210) 738-2802

BY: _____
      Richard W. Hunnicutt, III
      State Bar No. 10279700
      Isidro A. Castanon
      State Bar No. 03980960

ATTORNEYS FOR PLAINTIFF

#204858\3926-001

14

Case 2:00-cv-00119   Document 1   Filed in TXSD on 03/23/2000   Page 34 of 76

FILED AT 4 22 O'CLOCK P M

NO. DC-00-48

FEB 1 6 2000

R. BARTON, CL...
DISTRICT COURT DU...

| | | |
|---|---|---|
| ROEL GONZALES D/B/A | § | IN THE DISTRICT COURT |
| P.G. FARMS A/K/A P.G. FARMING | § | |
| | § | |
| vs. | § | 229th JUDICIAL DISTRICT |
| | § | |
| FIREMAN'S FUND AGRIBUSINESS, | § | |
| INC., D/B/A FIREMAN'S FUND | § | |
| AGRIBUSINESS AND CARROLL DUNN | § | DUVAL COUNTY, TEXAS |

## PLAINTIFFS REQUESTS FOR DISCLOSURE TO
## FIREMAND'S FUND D/B/A FIREMAN'S FUND AGRIBUSINESS

To: FIREMAND'S FUND D/B/A FIREMAN'S FUND AGRIBUSINESS

Pursuant to Rule 194, Texas Rules of Civil Procedure (effective January 1, 1999), you are requested to disclose, within thirty (30) days of service of this Request, the information or matters described below, as set out in Rule 194.2(a)-(j). Please note that the rule 194.5 indicates that, "No objection or assertion of work product is permitted to a request under this rule."

Respectfully submitted,

ALLEN, STEIN, DURBIN, & HUNNICUTT,
6243 IH 10 West, 7th Floor
P.O. Box 101507
San Antonio, Texas 78201
Tel. No. (210) 734-7488
Fax No. (210) 738-8036

By: _____
Richard W. Hunnicutt, III
State Bar No. 10279700
Isidro A. Castanon
State Bar No. 03980960

ATTORNEYS FOR PLAINTIFF

#204924\3926-001

## REQUESTS FOR DISCLOSURE

(a).    The correct names of the parties to the lawsuit.

**RESPONSE:**

(b).    The name, address, and telephone number of any potential parties.

**RESPONSE:**

(c).    The legal theories and, in general, the factual bases of all claims or defenses.

**RESPONSE:**

(d).    The amount and any method of calculating economic damages.

**RESPONSE:**

(e).    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

(f).    For any testifying expert:

    (1).    the expert's name, address, and telephone number;

    (2).    the subject matter on which the expert will testify;

    (3).    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

    (4).    if the expert is retained by, employed by, or otherwise subject to your control:

        (a).    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(b).    the expert's current resume and bibliography;

**RESPONSE:**


(g).    Any discoverable indemnity and insuring agreements described in Rule 192.3(f).

**RESPONSE:**


(h).    Any discoverable settlement agreements described in Rule 192.3(g).

**RESPONSE:**


(i).    Any discoverable witness statements described in Rule 192.3(h).

**RESPONSE:**

3

Case 2:00-cv-00119   Document 1   Filed in TXSD on 03/23/2000   Page 37 of 76

FILED AT 4<sup>22</sup> O'CLOCK _P_ M.

NO. DC-00-41                                    FEB 1 5 2000

| ROEL GONZALES D/B/A | § | IN THE DISTRICT COURT |
| P.G. FARMS A/K/A P.G. FARMING | § | |
| | § | |
| vs. | § | 229th JUDICIAL DISTRICT |
| | § | |
| FIREMAN'S FUND AGRIBUSINESS, | § | |
| INC., D/B/A FIREMAN'S FUND | § | |
| AGRIBUSINESS AND CARROLL DUNN | § | DUVAL COUNTY, TEXAS |

## FIRST SET OF INTERROGATORIES TO CARROLL DUNN

To:    CARROLL DUNN

"Instructions:"  The undersigned party propounds the attached questions to you under the provisions of Rule 168 of the Texas Rules of Civil Procedure.  These questions are being served on your attorney and answers to the interrogatories should, to the extent possible, be answered in the spaces provided and if additional space is needed, please use additional sheets or the back of the preceding page.  You are notified that this party specifies that the answers shall be served on the first business day after the expiration of fifty(50) days from the date of these questions, and that the questions and your sworn answers may be offered in evidence at the trial of this lawsuit.

In answering these questions, furnish all information available to you, including information in the possession of your attorney, or their investigators, and all persons acting on your behalf and not merely such information known of your own personal knowledge.  If you cannot answer the interrogatory in full after exercising due diligence to secure the information, so state in your answer and to the extent possible answer stating whatever information or knowledge you have.

The questions which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise

modify your answers given to the interrogatories below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have meaning indicated below:

a.   "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

b.   "His" or "He" means his, he, hers, she, or it and is meant to be gender neutral.

c.   "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra-office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original. If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

1.   Missing or lost;

2.   Destroyed;

3.   Transferred voluntarily or involuntarily to others, and, if so, to whom or

4.   Otherwise disposed of; and in each instance, explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

d.   "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

e.   "Policy No. 42-090-327437" means the 1999 watermelon crop insurance purchased by Plaintiff in the Spring and Fall watermelon crops in Duval County, Texas.

f.   "Photograph" means any picture, representation, computer generated image, image, graphic representation, computer or electronic reproduction, either still or moving, obtained by any process of the art or practice of producing images of objects, places or persons upon a photosensitive surface by the chemical action of light or other radiant energy, or upon any other medium by electricity, magnetic, chemical, imprintation or engraving.

In each question wherein you are asked to **identify a document**, state with respect to each such document if a copy thereof is not attached to your answers as follows:

2

CutePDF - www.fastxx.com

a.     The identity of the person who signed it or over whose name it was issued;

b.     The identity of the person or persons to whom it was addressed;

c.     The identity of the person who prepared it;

d.     The title and substance of the document with sufficient particularity to enable the same to be identified;

e.     The date of the document;

f.     The date the document was executed or prepared, if different from the date it bears;

g.     If the document or a copy of it is not in your custody or control, the identity of the person who has control or custody of it or a copy of it.

In each question wherein you are asked to **identify a person**, state with respect to such person as follows:

a.     His full name, and any other names or nicknames the person has gone by.
b.     His last known address and phone number.
c.     The name and address of his employer.
d.     His title.

If the person to be identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

If you object to attaching to your answers any requested document or object to identifying any person as hereinabove defined, or you feel that a court order should be obtained by this party, please so state in your answers to the interrogatory.

Respectfully submitted,

ALLEN, STEIN, DURBIN & HUNNICUTT
6243 IH-10 West, Suite 700
Post Office Box 101507
San Antonio, Texas  78201
Phone:210/734-7488
Fax:   210/738-2802

By: _____
       Richard W. Hunnicutt, III
       State Bar No. 10279700
       Isidro A. Castanon
       State Bar No. 03980960
**ATTORNEYS FOR PLAINTIFF**

#204911\3926-001

4

# INTERROGATORIES

1.  Please identify yourself including not only your identification, but also:

    a.  Full Legal Name and any other names you have used;

    b.  All social security numbers ever held by you;

    c.  All drivers licenses, types, numbers and by whom issued, held by you at any time.

    d.  Your address or addresses for the past ten (10) years, giving the street, street number, city and state;

    e.  Your date and place of birth;

    f.  The name and last known street, city and state address of each person, if any, to whom you have ever been married, either ceremonially or by a common law marriage; and,

    g.  Your insurance adjuster license numbers held through the State of Texas, any other state, and through any Federal entities.

**ANSWER:**


2.  State the name, address and telephone number of all persons of which the Defendant is aware, by personal knowledge or belief, who have or may have knowledge of facts relevant to the subject matter of this lawsuit.  Specifically segregate and indicate those persons who might have knowledge relating to the following areas of inquiry:

    a.  The investigation and handling of the underlying crop insurance claim between each of the Plaintiffs and Defendant which resulted in the filing of this action.

    b.  Any other persons who have or may possess knowledge of facts relevant to the subject matter of this lawsuit or the underlying crop insurance claim.

    c.  Any person who has knowledge or relevant facts pertaining to the farming practices utilized by Plaintiff.

    d.  Any person who has knowledge or relevant facts pertaining to the cause or causes for the watermelon crop losses sustained by the Plaintiff.

**ANSWER:**

5

3.   If you contend that some other person or legal entity is, or may be, in whole or in part, liable to any party in this matter, **identify** that person or legal entity and describe in detail the basis of said liability.

**ANSWER:**

4.   Set forth the names and addresses of all insurance companies that have liability or errors and omissions insurance coverage relating to the matters alleged in the petitions, or in any future counterclaims, cross-actions or interventions, the number or numbers of said policies, the amount of coverage provided in each policy, and the named insured in each policy.

**ANSWER:**

5.   State the name and last known business address of every adjuster, supervisor, or other insurance representative assigned to Policy No. 42-090-327437, the watermelon insurance for the Spring and Fall 1999 watermelon crops farmed by Plaintiff and made the basis of this lawsuit.

**ANSWER:**

6.   **Identify** each and every claims adjuster, insurance representative or independent contractor who investigated in whole or part the claim on Policy No. 42-090-327437.

**ANSWER:**

7.   State the name and business address of the insurance representatives, adjusters and/or supervisors who in whole or part, made the decision regarding payment or nonpayment on Policy No. 42-090-327437.

**ANSWER:**

8.  Completely describe all facts known to you to support Fireman's Fund denial for the Fall 1999 watermelon crop under Policy No. 42-090-327437.

**ANSWER:**

9.  Completely describe all reasons you have for Fireman's Fund's delaying payment on the Spring 1999 watermelon crop under Policy No. 42-090-327437.

**ANSWER:**

10.  State in full detail, with the identification of witnesses to support same, your reasons for believing Plaintiff was not in compliance with the terms of the subject policy.

**ANSWER:**

11.  Explain your opinion as to the causes for the losses of the Spring 1999 and Fall 1999 watermelon crops made the basis of this suit.

**ANSWER:**

12.  Give a complete explanation of how you feel you have complied with Article 21.55 of the Texas Insurance Code including dates.

**ANSWER:**

13.    Have you ever told anyone any of the following, or words of similar effect:

    A.    "Roel Gonzales is a Crook; or thief"

    B.    "I will break Roel Gonzales;" or

    C.    "It will be a cold day in Hell before I pay Roel Gonzales a watermelon claim."

**ANSWER:**

14.    Please state completely and fully your version how the occurrences made the basis of this lawsuit occurred.

**ANSWER:**

15.    Please state completely and fully all representations, statements, declarations or admissions made by this party or any agents, servants or employees of this party which you might attempt to make known to the Judge or Jury in the trial of this lawsuit.

**ANSWER:**

16.    If you have ever been arrested, charged with or convicted of any crime, please state what you have been arrested for, charged or convicted of and state the date and place of the offense.

**ANSWER:**

17.    Please state each and every lawsuit in which you have been named a party. In answering this interrogatory, state if you were a Defendant or Plaintiff, the style, cause number, jurisdiction, state, county, and date on which the case was filed.

**ANSWER:**

18.   Please describe in detail everything you feel this party did or failed to do to cause or
      contribute to the occurrence or damages.

**ANSWER:**

Case 2:00-cv-00119   Document 1   Filed in TXSD on 03/23/2000   Page 46 of 76

FILED AT **4** O'CLOCK **P** M

NO. **DC-00-48**

FEB 1 6 2000

R. BARTON, CLERK
DISTRICT COURT DUVAL CO. TEXAS
BY _____

| | | |
|---|---|---|
| ROEL GONZALES D/B/A | § | IN THE DISTRICT COURT |
| P.G. FARMS A/K/A P.G. FARMING | § | |
| | § | |
| vs. | § | **229th** JUDICIAL DISTRICT |
| | § | |
| FIREMAN'S FUND AGRIBUSINESS, | § | |
| INC., D/B/A FIREMAN'S FUND | § | |
| AGRIBUSINESS AND CARROLL DUNN | § | DUVAL COUNTY, TEXAS |

## FIRST SET OF REQUESTS FOR PRODUCTION TO CARROLL DUNN

To:   CARROLL DUNN

Now comes the Plaintiff, Roel Gonzalez d/b/a P.G. Farms a/k/a P.G. Farming, and requests the Defendant, Carroll Dunn, to produce the below-listed items listed items pursuant to Rule 167 of the Texas Rules of Civil Procedure.

You are hereby requested to produce the below-listed items for inspection, photographing, and copying at 6243 IH-10 West, Seventh Floor, San Antonio, Texas 78201. You are advised that pursuant to Rule 167, you must make a written response that shall state with respect to each item or category of items that inspection will be permitted as requested and that you will comply with this request, except to the extent that objections are made, stating specific reasons why such discovery will not be allowed. **Response to these Requests, to the extent possible, shall be made in the spaces provided and if additional space is needed, please use additional sheets or the back of the preceding page.** You are advised that pursuant to Rule 167, a response to this Request shall be served within fifty (50) days after receipt of this Request.

In responding to these Request for Production, please organize and label the documents or items to correspond with the categories in the Request pursuant to Texas.R.Civ.P. 167f.

"Instructions:" The undersigned party propounds the attached questions to you under the provisions of Rule 167 of the Texas Rules of Civil Procedure. These questions are being

served on your attorney and responses to the request for production should, to the extent possible, be answered in the spaces provided and if additional space is needed, please use additional sheets or the back of the preceding page. You are notified that this party specifies that the answers shall be served on the first business day after the expiration of thirty (30) days from the date of these questions, and that the questions and your responses may be offered in evidence at the trial of this lawsuit.

In answering these questions, furnish all information available to you, including information in the possession of your attorney, or their investigators, and all persons acting on your behalf and not merely such information known of your own personal knowledge. If you cannot respond to the request for production in full after exercising due diligence to secure the information, so state in your answer and to the extent possible answer stating whatever information or knowledge you have.

The requests which follow are to be considered as continuing, and you are requested to provide by way of supplemental responses hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the interrogatories below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have meaning indicated below:

a.  "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

b.  "His" or "He" means his, he, hers, she, or it and is meant to be gender neutral.

c.  "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra-office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original. If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

1.  Missing or lost;

2

2.    Destroyed;

3.    Transferred voluntarily or involuntarily to others, and, if so, to whom or

4.    Otherwise disposed of; and in each instance, explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

d.    "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

e.    "Policy No. 42-090-327437" means the 1999 watermelon crop insurance purchased by Plaintiff in the Spring and Fall watermelon crops in Duval County, Texas.

f.    "Photograph" means any picture, representation, computer generated image, image, graphic representation, computer or electronic reproduction, either still or moving, obtained by any process of the art or practice of producing images of objects, places or persons upon a photosensitive surface by the chemical action of light or other radiant energy, or upon any other medium by electricity, magnetic, chemical, imprintation or engraving.

In each question wherein you are asked to **identify a document**, state with respect to each such document if a copy thereof is not attached to your answers as follows:

a.    The identity of the person who signed it or over whose name it was issued;

b.    The identity of the person or persons to whom it was addressed;

c.    The identity of the person who prepared it;

d.    The title and substance of the document with sufficient particularity to enable the same to be identified;

e.    The date of the document;

f.    The date the document was executed or prepared, if different from the date it bears;

g.    If the document or a copy of it is not in your custody or control, the identity of the person who has control or custody of it or a copy of it.

In each question wherein you are asked to **identify a person**, state with respect to such person as follows:

a.    His full name.
b.    His last known address and phone number.
c.    The name and address of his employer.

3

d.    His title.

If the person to be identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

If you object to attaching to your responses any requested document or object to identifying any person as hereinabove defined, or you feel that a court order should be obtained by this party, please so state in your responses to the request for production.

You are requested to produce the following items:

## REQUEST NO. 1:

Produce a true and accurate copy of the entire policy (not just a certificate of coverage) on Policy No. 42-090-327437, which Plaintiff is an insured.

## REQUEST NO. 2:

Produce a true and accurate copy of any witness statement provided to Defendant by any party or witness concerning the incident made the basis of this suit.

## REQUEST NO. 3:

Produce a true and accurate copy of photographs, videos, or digital images regarding the crops, farms, equipment, or incidents made the basis of this lawsuit.

## REQUEST NO. 4:

Produce a true and accurate copy of any statement taken from Plaintiff or his agents, servants or employees concerning any incidents made the basis of the suit.

## REQUEST NO. 5:

Produce a true and accurate copy of any statement given by any witness to Defendants regarding the incident made the basis of this suit.

CMPDF - www.fesoo.com

**REQUEST NO. 6:**

Produce a true and accurate copy of any statement taken from any other party or witness concerning their investigation into the incident made the basis of this suit.

**REQUEST NO. 7:**

Produce any personal notes, videotapes, tape recordings, photographs, digital images, maps, or other tangible items relating to Plaintiff's farming practices, Plaintiff or the claims under Policy No. 42-090-327437.

**REQUEST NO. 8:**

A copy of all correspondence sent from you to Plaintiff regarding any claims regarding Policy No. 42-090-327437.

**REQUEST NO. 9:**

Copies of all documents that show you complied with the requirements of the Texas Insurance Code art. 21.55.

**REQUEST NO. 10:**

Please produce a copy of any statement previously made by each of the Plaintiffs or an agent of each of the Plaintiffs concerning the subject matter of this lawsuit, which is in the possession, custody or control of Defendant or any other party. For the purpose of this request, a statement previously made is (a) a written statement signed or otherwise adopted or approved by the person making it, and (b) a stenographic, mechanical, electrical or other type of recording or any transcription thereof which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

By way of special instruction, a statement made by each of the Plaintiffs concerning the subject matter of this lawsuit would include any written, recorded, or transcribed statement made regarding each of the Plaintiff's underlying crop insurance claim.

## REQUEST NO. 11:

With respect to experts used for consultation who are not expected to be called as witnesses at trial but whose work product forms a basis, either in whole or in part, of the opinions of an expert who is to be called as a witness, produce all materials prepared by the consulting expert, which will comprise, but not be limited to, documents and tangible things, including all tangible reports, physical models and compilation of data prepared in anticipation of a testifying expert's trial and deposition testimony, as well as each expert's curriculum vitae or resume.

## REQUEST NO. 12:

Please produce any documents containing regulations, codes, and laws which the Defendant claims were applicable in controverting, denying, qualifying, refusing to pay or timely refusing to pay each of the Plaintiff's crop insurance claim.

## REQUEST NO. 13:

Produce any and all documents relating to any correspondence, reports or communications, between the Defendant, its agents or representatives, and any and all third parties regarding the underlying crop insurance claim.

## REQUEST NO. 14:

Please produce Defendant's complete unredacted claims files regarding or relating to the underlying crop insurance claim made the basis of this lawsuit.

CVAPDF - www.fesko.com

**REQUEST NO. 15:**

Please produce Defendant's complete unredacted claims files relating to any crop insurance policy of insurance maintained by Defendant regarding the Plaintiff together with identifying information as to the location of the claims file in the ordinary course of business (e.g., home file, office file regional office file, field office file, etc.).

**REQUEST NO. 16:**

Please produce the complete and unredacted agents' or adjusters' policy or claim file of the agent or adjuster who handled investigated, processed, or made any decision regarding the underlying crop insurance claim made by the Plaintiff.

**REQUEST NO. 17:**

Please produce all written communications and written records of oral communications between any employee of or person acting on behalf of Defendant and any third party relating in any way to each of the Plaintiff's underlying crop insurance claims.

**REQUEST NO. 18:**

Please produce Defendant's complete underwriting or insurance files referring or relating in any way to any crop insurance policy that applies between Defendant, each of the Plaintiff's employer and Plaintiffs. This material will include, without limitation:

a.      Any communications and written records of oral communications referring or relating in any way to the issuance of any crop insurance policy that applies to the Plaintiff.

8

b.   Any file folders containing or intended to contain any underwriting information or insurance information pertaining to the crop insurance policies that applies to the Plaintiff.

c.   Any form of written communication, including claims manuals, memoranda, letters, training manuals, and directives directed to any claims personnel or any person acting on behalf of Defendant in handling claims that refer or relate in any way to the handling of crop insurance claims. This information will include, without limitation, any documents reflecting Defendant's claims, settlement policies at the time Defendant controverted, denied, qualified, refused to pay or timely refused to pay each of the Plaintiff's underlying crop insurance claim, and any documents reflecting subsequent changes of policy.

## REQUEST NO. 19:

Please produce all promotional materials provided or broadcasted by Defendant during the twelve months preceding the issuance of the crop insurance policy that applies to the Plaintiff in the underlying crop insurance claim that is (1) of an institutional nature, and (2) that refers in any way to crop insurance policies of the kind in issue in each of the Plaintiff's underlying crop insurance claims.

## REQUEST NO. 20:

Please produce all claims files relating to every claim Defendant has caused to be controverted, denied or refused to (timely) pay for the State of Texas and during the period of ten (10) year before the controversion, denial, qualification, refusal to pay or timely refusal to pay each of the Plaintiff's underlying crop insurance claims and extending through the present.

## REQUEST NO. 21:

Produce all educational materials, guidelines, handbooks, or manuals used for the training and direction of Defendant's sales agents, claims adjusters, and other personnel who were involved in the processing of the crop insurance claim made by each of the Plaintiffs as well as similar materials used in training new hires at this time.

**REQUEST NO. 22:**

Please produce any minutes and/or memoranda of any meetings of board of directors, policy committee, claims committee, agents committee or similar group relevant to the handling of each of the Plaintiff's underlying crop insurance claim.

**REQUEST NO. 23:**

Please produce any agents, adjusters, or policyholders' protests or inter- or intra-office memos regarding the handling, processing, or investigation of each of the Plaintiff's underlying crop insurance claims or any claims made under a policy similar to the one issued to Plaintiff for the State of Texas for the last ten (10) years to the present.

**REQUEST NO. 24:**

Please produce all documents relating to any review of any relevant issue regarding the processing, investigation, handling and decision-making regarding each of the Plaintiff's underlying crop insurance claims or policy or claims similar to the one issued to Plaintiff. Include any administrative body or other governmental entity documentation received by you including any complaints filed with the State Board of Insurance.

**REQUEST NO. 25:**

Produce for inspection and copying all documents which reflect the Defendant's net worth as defined in the Interrogatory including, but not limited to, all corporate tax returns for the years 1998 and 1999, all profit and loss statements for the years 1998 and 1999, and all financial statements of the Defendant for the years 1998 and 1999.

**REQUEST NO. 26:**

If you have identified any expert witness in the Request for Disclosure whom you may call upon as a witness in your behalf in this case, but such experts have not recorded or reduced to a tangible form their factual observations, tests, supporting data, calculations, photographs or opinions concerning the subject matter of this case, then will you voluntarily have such experts record or reduce to a tangible form their factual observations, tests, supporting data, calculations, photographs or opinions, concerning this case and furnish them to this Defendant. If not, please state why you will not.

**REQUEST NO. 27:**

Any and all non-privileged documents reflecting other lawsuits to which you have been a party.

**REQUEST NO. 28:**

Any and all public documents relating to this incident or in your possession including but not limited to, police reports, witness reports, weather reports, criminal records, and land titles.

**REQUEST NO. 29:**

Please produce all photographs, digital images, video tapes, motion pictures, maps, drawings, diagrams, measurements, surveys or other documents concerning the events and happenings made the basis of this lawsuit, the area, persons, crops, equipment or farms involved, either made before, at the time, or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

**REQUEST NO. 30:**

A copy of any deposition, pleading, report, article, or document used to impeach, attack the credibility, or attack the qualifications of any expert retained by this defendant.

Respectfully submitted,

ALLEN, STEIN, DURBIN
 & HUNNICUTT, P.C.
6243 I.H. 10 West, Suite 700
P.O. Box 101507
San Antonio, Texas  78201
Telephone  (210) 734-7488
Telecopier (210) 738-2802


BY:

Richard W. Hunnicutt, III
State Bar No. 10279700
Isidro A. Castanon
State Bar No. 03980960

ATTORNEYS FOR PLAINTIFF

#204916\3926-001

12

FILED AT 4:22 O'CLOCK P.M.

NO. DC-00-4Y

FEB 1 6 2000

R. BARTON, CLERK
DISTRICT COURT, DUVAL COUNTY, TEXAS
BY _____ Deputy

ROEL GONZALES D/B/A          §     IN THE DISTRICT COURT
P.G. FARMS A/K/A P.G. FARMING §
                             §
vs.                          §     229th JUDICIAL DISTRICT
                             §
FIREMAN'S FUND AGRIBUSINESS, §
INC., D/B/A FIREMAN'S FUND    §
AGRIBUSINESS AND CARROLL DUNN §     DUVAL COUNTY, TEXAS

## PLAINTIFFS REQUESTS FOR DISCLOSURE TO CARROLL DUNN

To:   CARROLL DUNN

Pursuant to Rule 194, Texas Rules of Civil Procedure (effective January 1, 1999), you are requested to disclose, within thirty (30) days of service of this Request, the information or matters described below, as set out in Rule 194.2(a)-(j).  Please note that the rule 194.5 indicates that, "No objection or assertion of work product is permitted to a request under this rule."

Respectfully submitted,

ALLEN, STEIN, DURBIN, & HUNNICUTT,
6243 IH 10 West, 7th Floor
P.O. Box 101507
San Antonio, Texas 78201
Tel. No. (210) 734-7488
Fax No. (210) 738-8036

By: _____
    Richard W. Hunnicutt, III
    State Bar No. 10279700
    Isidro A. Castanon
    State Bar No. 03980960

ATTORNEYS FOR PLAINTIFF

#204925\3926-001

# REQUESTS FOR DISCLOSURE

(a).   The correct names of the parties to the lawsuit.

**RESPONSE:**


(b).   The name, address, and telephone number of any potential parties.

**RESPONSE:**


(c).   The legal theories and, in general, the factual bases of all claims or defenses.

**RESPONSE:**


(d).   The amount and any method of calculating economic damages.

**RESPONSE:**


(e).   The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**


(f).   For any testifying expert:

    (1).   the expert's name, address, and telephone number;

    (2).   the subject matter on which the expert will testify;

    (3).   the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

    (4).   if the expert is retained by, employed by, or otherwise subject to your control:

        (a).   all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(b).     the expert's current resume and bibliography;

**RESPONSE:**

(g).     Any discoverable indemnity and insuring agreements described in Rule 192.3(f).

**RESPONSE:**

(h).     Any discoverable settlement agreements described in Rule 192.3(g).

**RESPONSE:**

(i).     Any discoverable witness statements described in Rule 192.3(h).

**RESPONSE:**

# ORIGINAL

CIT.PS.CM
**CLERK OF THE COURT**
MR. RICHARD M. BARTON
P.O. DRAWER 428
SAN DIEGO, TEXAS 78384

**ATTORNEY FOR PLAINTIFF**
MR. RICHARD W. HUNNICUTT, III
P.O.BOX 101507
SAN ANTONIO, TX 78201

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO: FIREMAN'S FUND AGRIBUSINESS, INC., D/B/A FIREMAN'S FUND AGRIBUSINESS, BY SERVING ITS REGISTERED AGENT, C.T. CORPORATION, 811 DALLAS AVENUE, HOUSTON, TEXAS 77002.**

Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, First Set of Interrogatories to Carroll Dunn, First Set of Requests for Production to Carroll Dunn, and Plaintiff's Request for Disclosure to Carroll Dunn at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 229th Judicial District Court of Duval County, Texas at the Court House of said County in San Diego, Texas.

Said Petition was filed in said court on the 16th Day of February, A. D., 2000 in this case, numbered DC-00-48 on the docket of said court, and styled
**ROEL GONZALES D/B/A P.G. FARMS A/K/A P.G. FARMING, Plaintiff**
**V.**
**FIREMAN'S FUND AGRIBUSINESS, INC., D/B/A FIREMAN'S FUND AGRIBUSINESS AND CARROLL DUNN, Defendants**

The nature of said Petition is fully shown by a true and correct copy of the Plaintiff's Original Petition, First Set of Interrogatories to Carroll Dunn, First Set of Requests for Production to Carroll Dunn, and Plaintiffs Requests for Disclosure to Carroll Dunn accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, make due return as the law directs.

Issued and given under my hand and seal of said Court at San Diego, Texas this the 17th day of February, A. D., 2000. Attest Mr. Richard M. Barton, Clerk District Court, Duval County, Texas.

By: _Evelyn M. Garcia_ , Deputy.

## CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 17th day of February , 2000 at 2:30 o'clock P.M., I mailed .
TO: FIREMAN'S FUND AGRIBUSINESS, INC., D/B/A FIREMAN'S FUND AGRIBUSINESS, BY SERVING ITS REGISTERED AGENT, C.T. CORPORATION, 811 DALLAS AVENUE, HOUSTON, TEXAS 77002.
return receipt requested, a true copy of this citation with a copy of the petition attached thereto.
Mr. Richard M. Barton, Clerk
CERTIFIED MAIL—RESTRICTED DELIVERY # **P 502 658 704**

By: _Evelyn M. Garcia_ , Deputy

**CLERK'S RETURN**
FILED THIS THE 22nd DAY OF Feb A. D. 2000.
MR. RICHARD M. BARTON, CLERK
DISTRICT COURT
DUVAL COUNTY, TEXAS
BY: _Tomasit C. Salazar_ , DEPUTY

DATE OF DEFENDANT'S SIGNATURE: 2/22/00

Case 2:00-cv-00119    Document 1    Filed in TXSD on 03/23/2000    Page 62 of 76

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees P:
USPS
Permit No. G-10

● Print your name, address, and ZIP Code in this box ●

RICHARD M. BARTON
DUVAL COUNTY DISTRICT CLERK
P. O. DRAWER 428
SAN DIEGO, TEXAS 78384-0428

FEB 2 5 2000

FILED AT ___ O'CLOCK ___ M.

R. BARTON, CLERK
DISTRICT COURT, DUVAL COUNTY, TEXAS
BY: _____ DEPUTY

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☑ Restricted Delivery

Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| CAUSE NO. DC-00-48<br>FIREMAN'S FUND AGRIBUSINESS, INC<br>D/B/A FIREMAN'S FUND AGRIBUSINESS<br>C.T. CORPORATION, REGESTERED AGENT<br>811 DALLAS AVENUE<br>HOUSTON, TEXAS 77002 | P 502 658 704 |

4b. Service Type
☐ Registered       ☑ Certified
☐ Express Mail     ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery
2/22/00

5. Received By: *(Print Name)*
Tanya DeHoyos

8. Addressee's Address *(Only if requested and fee is paid)*

6. Signature: *(Addressee or Agent)*
X Tanya DeHoyos

PS Form **3811,** December 1994

Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

# ORIGINAL

CIT.PS.CM
**CLERK OF THE COURT**
MR. RICHARD M. BARTON
P.O. DRAWER 428
SAN DIEGO, TEXAS 78384

**ATTORNEY FOR PLAINTIFF**
MR. RICHARD W. HUNNICUTT, III
P.O.BOX 101507
SAN ANTONIO, TX 78201

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO: CARROLL DUNN, 8220 ORLANDO, LUBBOCK, TEXAS 79423.**

Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, First Set of Interrogatories to Carroll Dunn, First Set of Requests for Production to Carroll Dunn, and Plaintiff's Request for Disclosure to Carroll Dunn at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 229th Judicial District Court of Duval County, Texas at the Court House of said County in San Diego, Texas.

Said Petition was filed in said court on the 16th Day of February, A. D., 2000 in this case, numbered **DC-00-48** on the docket of said court, and styled

**ROEL GONZALES D/B/A P.G. FARMS A/K/A P.G. FARMING, Plaintiff**
**V.**
**FIREMAN'S FUND AGRIBUSINESS, INC., D/B/A FIREMAN'S FUND AGRIBUSINESS AND CARROLL DUNN, Defendants**

The nature of said Petition is fully shown by a true and correct copy of the Plaintiff's Original Petition, First Set of Interrogatories to Carroll Dunn, First Set of Requests for Production to Carroll Dunn, and Plaintiff's Requests for Disclosure to Carroll Dunn accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, make due return as the law directs.

Issued and given under my hand and seal of said Court at San Diego, Texas this the 17th day of February, A. D., 2000. Attest Mr. Richard M. Barton, Clerk District Court, Duval County, Texas

By: _Suellyn M. Garcia_____, Deputy.

## CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 17th day of February , 2000 at 2:30 o'clock P.M., I mailed
TO: CARROLL DUNN, 8220 ORLANDO, LUBBOCK, TEXAS 79423.
return receipt requested, a true copy of this citation with a copy of the petition attached thereto.
Mr. Richard M. Barton, Clerk
CERTIFIED MAIL—RESTRICTED DELIVERY # **P 502 658 711**

By: _Suellyn M. Garcia_____, Deputy

**CLERK'S RETURN**
FILED THIS THE _22nd_ DAY OF _Feb_____ A. D. 2000.
MR. RICHARD M. BARTON, CLERK
DISTRICT COURT
DUVAL COUNTY, TEXAS
BY: _Tomasita C. Salinas_____, DEPUTY

DATE OF DEFENDANT'S SIGNATURE: _2/22/00_

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *"Return Receipt Requested"* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☑ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

CAUSE NO. DC-00-48

CARROLL DUNN
8220 ORLANDO
LUBBOCK, TEXAS  79423

4a. Article Number

P-502 658 711

4b. Service Type

☐ Registered   ☑ Certified
☐ Express Mail   ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery

2-22-00

5. Received By: (Print Name)

Samantha Shubin

6. Signature: (Addressee or Agent)

X Samantha Shub

8. Addressee's Address (Only if requested and fee is paid)

PS Form **3811**, December 1994                    Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.



UNITED STATES POSTAL SERVICE

LUBBOCK TX 794
P.M.
22 FEB

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● Print your name, address, and ZIP Code in this box ●

RICHARD M. BARTON
DUVAL COUNTY DISTRICT CLERK
P. O. DRAWER 428
SAN DIEGO, TEXAS 78384-0428

FILED AT 9:00 O'CLOCK A M

FEB 25 2000

DISTRICT COURT, DUVAL COUNTY TEXAS
R. BARTON, CLERK
BY _____ DEPUTY

Case 2:00-cv-00119   Document 1   Filed in TXSD on 03/23/2000   Page 65 of 76

FILED AT 2:25 O'CLOCK P M

MAR 17 2000

R. BARTON, CLERK
DISTRICT COURT, DUVAL COUNTY TEXAS
BY _____ DEPUTY

**NO. DC-00-48**

| | | |
|---|---|---|
| ROEL GONZALES D/B/A | § | IN THE DISTRICT COURT |
| P.G. FARMS A/K/A P.G. FARMING | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | 229TH JUDICIAL DISTRICT |
| FIREMAN'S FUND AGRIBUSINESS, | § | |
| INC., D/B/A/ FIREMAN'S FUND | § | |
| AGRIBUSINESS AND CARROLL | § | |
| DUNN | § | |
| | § | |
| Defendants | § | DUVAL COUNTY, TEXAS |

## DEFENDANTS FIREMAN'S FUND AGRIBUSINESS, INC., D/B/A FIREMAN'S FUND AGRIBUSINESS AND CARROLL DUNN'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE SAID COURT:

COME NOW, FIREMAN'S FUND AGRIBUSINESS, INC., D/B/A FIREMAN'S FUND AGRIBUSINESS (hereinafter "FFAB") AND CARROLL DUNN (hereinafter Dunn), Defendants in the above entitled and numbered cause, and file this their Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following:

I.

Subject to any stipulations and admissions that may hereafter be made, Defendants FFAB and Dunn assert a general denial, as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that the Plaintiff be required to prove the charges and allegations against Defendants FFAB and Dunn by a preponderance of the evidence in accordance with the Constitution and laws of the State of Texas.

CutePDF - www.fasoo.com

## II.

Defendants FFAB specifically does not agree to waive any right it has under the policy of insurance sued on herein and insists on its rights as contained in said policy, including the conditions and exclusions contained therein.

## III.

The Multiple Peril Crop Insurance policy herein at issue contains a written agreement to arbitrate. Accordingly, this action should be stayed and the Plaintiff compelled to arbitrate this matter in accordance with the commercial arbitration rules of the American Arbitration Association as provided in Section 20 of said policy.

## IV.

The Defendants deny each and every allegation of the Plaintiff's Original Petition by which the Plaintiff seeks to impose liability upon them.

## V.

Defendants specifically plead, as an affirmative defense pursuant to rule 94 TRCP, the Limitation of its Liability as stated in the "Limit of Liability" clause contained in the policy sued on. Defendants say their liability is limited to the amount of coverage purchased by the insured and reduced by any applicable reduction clauses or pro-rata clauses contained in said policy.

## VI.

That at all times relevant hereto, Defendants acted in accordance with established rules, regulations, practices and procedures of the Federal Crop Insurance Corporation (FCIC), United States Department of Agriculture; therefore, the Plaintiff's claims are barred.

## VII.

Plaintiff's claims for recovery under state law are preempted and barred by federal statute and regulations and/or are limited by the provisions of 7 C.F.R. §400.176 and §400.352.

## VIII.

Plaintiff's losses, if any, were the result of Plaintiff's own negligent or intentional acts, which are pled as a complete bar to recovery or in diminution thereof.

## IX.

Through his own acts and omissions, the Plaintiff failed to comply with conditions precedent under the terms of the MPCI policy herein at issue.

## X.

Plaintiff's losses, if any, were the result of the negligent or intentional acts of a third party for whom the Defendants cannot be held responsible, which are pled as a complete bar to recovery or in diminution thereof.

## XI.

While denying that Plaintiffs are entitled to punitive or exemplary damages, Defendants specifically invoke the common law limitations on punitive damages, if any, requiring a reasonable relationship to the amount of actual damages, if any. Defendants further invoke Chapter 41 of the the Texas Civil Practice and Remedies Code and the statutory ceilings and limitations for such awards therein. Likewise, Defendants invoke the constitutional protections of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process

-3-

requirements of the Texas Constitution, which both provide procedural and substantive protection from deprivation of property without due process of law.

## XII.

Defendants also specifically plead that the Plaintiffs have failed to comply with the notice provisions of the Texas Deceptive Trade Practices Act.

## XIII.

The Defendants reserve the right to plead further herein and specifically reserve the right to amend this Answer to assert any additional defenses which may be disclosed during the course of discovery.

WHEREFORE, Defendants FFAB and Dunn pray that Plaintiff take nothing from Defendants FFAB and Dunn, that Defendants recover all costs incurred herein, and that Defendants have general relief.

Respectfully submitted,

JACKSON WALKER
112 E. Pecan Street, Suite 2100
San Antonio, Texas 78205-1521
210-978-7700 (telephone)
210-978-7790 (telecopier)


By _____
    CYNTHIA LOPEZ BEVERAGE

ATTORNEYS FOR DEFENDANTS
FIREMAN'S FUND AGRIBUSINESS, INC.,
D/B/A FIREMAN'S FUND AGRIBUSINESS
AND CARROLL DUNN

-4-

OF COUNSEL:

W. KURT HENKE
ELIZABETH T. BUFKIN
HENKE-BUFKIN
Post Office Box 39
Clarksdale, MS 38614
662-624-8500 (telephone)
662-624-8040 (telecopier)

## CERTIFICATE OF SERVICE

I, CYNTHIA LOPEZ BEVERAGE, one of the attorneys for Defendants Fireman's Fund

Agribusiness, Inc. and Carroll Dunn, do hereby certify that a true and correct copy of the above

and foregoing document has been mailed, postage prepaid, to Richard W. Hunnicutt, III, Esq.,

and Isidro A. Castanon, Esq., attorneys for Plaintiff, Post Office Box 101507, San Antonio, TX

78201.

THIS, the 16th day of March, 2000.

_____
CYNTHIA LOPEZ BEVERAGE

::ODMA\PCDOCS\JWDOCS\2417826\1

-5-

# JACKSON
# WALKER
### L.L.P.

**ATTORNEYS AND COUNSELORS**

112 E. Pecan Street, Suite 2100, San Antonio, Texas  78205
(210) 978-7700  Fax (210) 978-7790
http://www.jw.com   •   Member of GLOBALAW™

March 16, 2000

FILED AT 2:50 O'CLOCK P M

MAR 1 7 2000

R____ SM. CLERK
DSTRICT ____ DUVAL COUNTY TEXAS
BY____ DEPUTY

Duval County District Clerk
Courthouse
400 East Gravis Street
P.O. Drawer 428
San Diego, Texas 78384

RE:     Cause No. DC-00-48, *Roel Gonzales d/b/a P.G. Farms a/k/a P.G. Farming
        v. Fireman's Fund Agribusiness, Inc. d/b/a Fireman's Fund Agribusiness and
        Carroll Dunn,* in the District Court, of the 229th Judicial District, Duval
        County, Texas

Dear Sir:

        Enclosed please find the original and one copy of **Defendant's Original Answer**.  Please file
the original of this matter with the papers of this cause and return a file-stamped copy of same to the
undersigned in the self-addressed stamped envelope.

        Thank you for your assistance in this regard.

                            Very truly yours,

                            Cynthia Lopez Beverage

CLB:jd
enclosures

2417887.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ROEL GONZALES D/B/A
P.G. FARMS A/K/A P.G. FARMING                    PLAINTIFF

VS.                                              CASE NO. _____

FIREMAN'S FUND AGRIBUSINESS,
INC., D/B/A/ FIREMAN'S FUND
AGRIBUSINESS AND CARROLL DUNN                    DEFENDANTS

### INDEX OF MATTERS BEING FILED

TO THE HONORABLE JUDGE OF THE DISTRICT COURT OF THE UNITED STATES:

1. Index of Matters Being Filed.

2. JS44 Civil Cover sheet.

3. Notice of Filing Notice of Removal.

   (a) Civil Docket Sheet
   (b) Correspondence from Richard W. Hunnicutt, III
   (c) Plaintiff's Original Petition
   (d) First Set of Interrogatories to Firemand(sic)'s Fund D/B/A Fireman's Fund Agribusiness
   (e) First Set of Requests for Production to Firemand(sic)'s Fund D/B/A Fireman's Fund Agribusiness
   (f) Plaintiff's Request for Disclosure to Firemand(sic)'s Fund D/B/A Fireman's Fund Agribusiness
   (g) First Set of Interrogatories to Carroll Dunn
   (h) First Set of Requests for Production to Carroll Dunn
   (i) Plaintiff's Request for Disclosure to Carroll Dunn
   (j) Citation to Fireman's Fund Agribusiness, Inc. d/b/a Fireman's Fund Agribusiness
   (k) Certified Mail Return Receipt from Fireman's Fund Agribusiness, Inc. d/b/a Fireman's Fund Agribusiness
   (l) Citation to Carroll Dunn
   (m) Certified Mail Return Receipt from Carroll Dunn
   (n) Defendant Fireman's Fund Agribusiness, Inc. d/b/a Fireman's Fund Agribusiness and Carroll Dunn's Original Answer

4. Certificate of Notice.

5. Notice of Removal.

6.   List of All Counsel.

Respectfully submitted,

JACKSON WALKER, L.L.P.
112 E. Pecan Street, Suite 2100
San Antonio, TX  78205-1521
210-978-7700 (telephone)
210-978-7790 (telecopier

By  _____
CYNTHIA LOPEZ BEVERAGE
STATE BAR NO. 00787076
FED. S.D. ID. NO. 21239

ATTORNEYS FOR DEFENDANT

OF COUNSEL:

W. KURT HENKE
ELIZABETH T. BUFKIN
HENKE-BUFKIN
Post Office Box 39
Clarksdale, Mississippi 38614
662-624-8500 (telephone)
662-624-8040 (telecopier)

2

## <u>CERTIFICATE OF SERVICE</u>

I, Cynthia Lopez Beverage, one of the attorneys of record for the Defendants in the above styled and numbered cause, do hereby certify that I have this day mailed, postage prepaid, a true and correct copy of the above and foregoing Index of Matters Being Filed to Richard W. Hunnicutt, III, Esq., and Isidro A. Castanon, Esq., Post Office Box 10157, San Antonio, TX 78201, attorneys for the Plaintiff.

THIS, the _____ day of March, 2000.

_____
CYNTHIA LOPEZ BEVERAGE

C:\WINDOWS\TEMP\index of matters.wpd

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION


ROEL GONZALES D/B/A
P.G. FARMS A/K/A P.G. FARMING                          PLAINTIFF

VS.                                          CASE NO. _____

FIREMAN'S FUND AGRIBUSINESS,
INC., D/B/A/ FIREMAN'S FUND
AGRIBUSINESS AND CARROLL DUNN               DEFENDANTS
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION


### LIST OF ALL COUNSEL AND PARTIES OF RECORDS


TO THE HONORABLE JUDGE OF THE DISTRICT COURT OF THE UNITED STATES:


|  | **Attorney** | **Parties Represented** |
|---|---|---|
| 1. | Richard W. Hunnicutt, III, Esq.<br>Isidro A. Castanon, Esq.<br>Post Office Box 10157<br>San Antonio, TX 78201<br>210-734-7488 (telephone)<br>210-738-2802 (telecopier) | Plaintiff - Roel Gonzales<br>D/B/A P.G. Farms A/K/A<br>P.G. Farming |
| 2. | Cynthia Lopez Beverage<br>JACKSON WALKER<br>112 E. Pecan Street, Suite 2100<br>San Antonio, TX  78205-1521<br>210-978-7700 (telecopier)<br>210-978-7790 (telecopier) | Defendants - Fireman's<br>Fund AgriBusiness, Inc.,<br>D/B/A Fireman's Fund<br>AgriBusiness and<br>Carroll Dunn |
|  | W. Kurt Henke<br>Elizabeth T. Bufkin<br>Henke-Bufkin<br>Post Office Box 39<br>Clarksdale, Mississippi 38614<br>662-624-8500 (telephone)<br>662-624-8040 (telecopier) |  |

C:\WINDOWS\TEMP\list of all counsel.wpd

Case 2:00-cv-00119   Document 1   Filed in TXSD on 03/23/2000   Page 75 of 76

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ROEL GONZALES D/B/A
P.G. FARMS A/K/A P.G. FARMING                     PLAINTIFF

VS.                                    CASE NO. _____

FIREMAN'S FUND AGRIBUSINESS,
INC., D/B/A/ FIREMAN'S FUND
AGRIBUSINESS AND CARROLL DUNN            DEFENDANTS

### SUPPLEMENTAL CIVIL COVER SHEET
### FOR CASES REMOVED FROM STATE COURT

*This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office.*

Additional Sheets may be used as necessary.

1. **Style of the Case**:

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

   | <u>Party and Party Type</u> | <u>Attorney(s)</u> |
   |---|---|
   | Roel Gonzales D/B/A P.G. Farms A/K/A P.G. Gonzales, Plaintiff | Richard W. Hunnicutt, III<br>Isidro A. Castanon<br>Post Office Box 10157<br>San Antonio, TX 78201 |
   | Fireman's Fund AgriBusiness, Inc. D/B/A Fireman's Fund AgriBusiness and Carroll Dunn, Defendants | Cynthia Lopez Beverage<br>JACKSON WALKER<br>112 E. Pecan Street<br>Suite 2100<br>San Antonio,TX 78205-1521 |

2. **Jury Demand**:

   Was a Jury Demand made in State Court?   ☒ Yes         ☐ No

   If *"Yes"*, by which party and on what date?

Party                                          Date

3.    **Answer:**

Was an Answer made in State Court? ☒ Yes              ☐ No

If "*Yes*," by which party and on what date?

Party                                          Date

Fireman's Fund Agri-Business, Inc.       March 20, 2000
and Carroll Dunn, Defendants

4.    **Unserved Parties:**

The following parties have not been served at the time this
case was removed:

        **Party**                        **Reason(s) for No Service**

        N/A

5.    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style of the State Court
papers and the reason for that change:

        **Party**                                **Reason**

        N/A

6.    **Claims of the Parties:**

The filing party submits the following summary of the
remaining claims of each party in this litigation:

        **Party**                                **Claim(s)**

Roel Gonzales D/B/A P.G. Farms        Plaintiff seeks to
A/K/A P.G. Gonzales, Plaintiff        recover indemnity for
                                      watermelon crop
                                      losses under a
                                      federally re-insured
                                      multiple peril crop
                                      insurance policy.

-2-