United States District Court
Southern District of Texas
FILED

MAR 23 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

```
ROEL GONZALES D/B/A                *
P.G. FARMS A/K/A P.G. FARMING      *       Plaintiff
                                   *
                                   *
                                   *
VS.                                *       Case No. C-00-119
                                   *
FIREMAN'S FUND AGRIBUSINESS,       *
INC., D/B/A/ FIREMAN'S FUND        *
AGRIBUSINESS AND CARROLL DUNN      *       Defendants
                                   *
                                   *
```

MEMORANDUM BRIEF IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL ARBITRATION

COME NOW Defendants Fireman's Fund AgriBusiness, Inc. ["FFAB"] and Carroll Dunn ["Dunn"], by and through counsel, and submit this Memorandum Brief in Support of Defendants' Motion to Compel Arbitration.

I.  INTRODUCTION

This action centers around a Multiple Peril Crop Insurance ("MPCI") policy that was issued to the Plaintiff, Roel Gonzales d/b/a P.G. Farms a/k/a P.G. Farming, by FFAB. Plaintiff contends that he is entitled to indemnity under the policy for alleged losses to his watermelon crop in 1999. FFAB has denied liability under said policy and herein requests the court to compel arbitration as the applicable crop insurance policy's express terms require the same; further, Texas law is very clear in stating that arbitration clauses are valid and enforceable.

The subject MPCI policy contains a provision requiring that any disagreement between the insurer and the insured as to a "factual determination" be resolved through arbitration. Furthermore, this arbitration provision is enforceable pursuant to TEX. REV. CIV. STAT. ANN. §171.001. In the alternative, this arbitration provision is enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. §1, *et seq.* Therefore, Defendants respectfully request the Court to enter an order compelling arbitration in accordance with said arbitration provision and Texas law.

## II.  FACTUAL BACKGROUND

Plaintiff applied for and was issued an MPCI policy, being policy #42-090-327437-1999, to cover his watermelon crop grown in Duval County, Texas, during crop year 1999. Plaintiff submitted a claim with respect to his fall watermelon crop. FFAB determined that the Plaintiff did not have a properly payable loss and denied said claim.

Plaintiff has filed the present lawsuit against Defendants challenging the determination made by FFAB[1]. As such, Plaintiff alleges he is entitled to damages in an amount not specified in his Original Petition. Plaintiff also seeks exemplary damages, treble

---

[1] As noted herein and set forth in his Original Petition, Plaintiff has asserted a number of claims in addition to his breach of contract claim. However, Defendants would assert that arbitration is the proper vehicle to hear all of plaintiff's claims, as each auxiliary claim asserted arises out of the insurance policy and claim for indemnity which is the subject of this dispute.

damages, pre-judgment and post-judgment interest, attorney's fees and court costs.[2]

As noted above, the policy in question is an MPCI policy. Like all other MPCI policies sold by private insurers in the United States, the subject policy was reinsured by the United States Department of Agriculture, Federal Crop Insurance Corporation ["FCIC"] pursuant to a Standard Reinsurance Agreement between the insurer and the FCIC. MPCI policies are governed exclusively by the Federal Crop Insurance Act and the rules and regulations promulgated thereunder. *See generally* 7 U.S.C. §1501 *et seq.* and 7 C.F.R. part 400.

Because the area of MPCI is governed exclusively by the Federal Crop Insurance Act and the relevant FCIC regulations, the FCIC mandates and controls all MPCI policy provisions. A private insurer such as FFAB has no discretion to add, delete, alter or vary any policy provision. Thus, all policies of MPCI are identical, regardless of the private insurance company actually issuing the policy.

The MPCI policy that was in effect for the 1999 crop year was 1999-NCIS[3] 700B. Said policy contains the following arbitration clause:

---

[2]Defendants would assert that Plaintiff's claim for exemplary damages, treble damages, pre-judgment and post-judgment interest, and attorney's fees would be specifically preempted pursuant to policy language, whether in state court or in arbitration.

[3]NCIS is a non-profit trade association that functions as the official clearing house for FCIC directives, policy provisions and claims adjusting standards.

>  **20. Arbitration**
>
>  (a) If you and we fail to agree on any factual determination, the disagreement will be resolved in accordance with the rules of the American Arbitration Association. Failure to agree with any factual determination made by FCIC must be resolved through the FCIC appeal provisions published at 7 CFR part 11.
>
>  (b) No award determined by arbitration or appeal can exceed the amount of liability established or which should have been established under the policy.

*See* the Multiple Peril Crop Insurance Common Crop Insurance Policy (1999-NCIS 700B), a copy of which is attached to Defendants' Motion to Compel Arbitration as Exhibit "B."

The dispute herein clearly falls within the parameters of this arbitration clause. As such, Defendants are entitled to have this dispute submitted to arbitration.

### III. ARGUMENT AND AUTHORITIES

**A. Texas Law Supports Arbitration Provisions and Holds the Same to Be Enforceable**

Section 171.001 of TEX. REV. CIV. STAT. ANN., which is entitled "Arbitration Agreements Valid," provides that:

>  (a) A written agreement to arbitrate is valid and enforceable if the agreement is to arbitrate a controversy that:
>
>  (1) exists at the time of the agreement; or
>  (2) arises between the parties after the date of the agreement.
>
>  (b) A party may revoke the agreement only on a ground that exists at law or in equity for the revocation of a contract.

-4-

Section 171.001, as discussed by Texas courts, is fully applicable to this dispute and calls for arbitration between the parties. In *Henry v. Gonzalez*, Nos. 04-99-00478-CV, 04-99-00479-CV, 2000 WL 72154 (Tex. Ct. App. Jan. 26, 2000), the court noted that in determining whether to compel arbitration, the trial court must decide the following:

> (1) whether a valid, enforceable arbitration agreement exists, and (2) if so, whether the claims asserted fall within the scope of that agreement.

*Henry*, 2000 WL 72154 at *3. The *Henry* court continued that "if the answers to both prongs are affirmative, the trial court has no discretion but to compel arbitration and stay its proceedings pending arbitration." *Id.* Applying the above test in the instant matter, there can be no question that the subject policy should be submitted to arbitration for resolution. First, as evidenced in the aforementioned insurance agreement, the policy does contain a valid arbitration provision (which existed at the time the parties entered into this insurance agreement).

Secondly, the policy at issue states that if the parties "fail to agree on any factual determination," then said disagreement will be resolved in arbitration. In his complaint, Plaintiff is alleging that Defendants improperly refused to pay a loss under his MPCI policy. The policy is very clear in setting forth the duties of both the insurer and the insured in the event of a loss. As evidenced by Plaintiff's Original Petition and Defendants' Answer to said Petition, it is evident that this matter involves a factual

dispute which "falls within the scope of the [insurance] agreement." As such, the second prong as set forth above is also satisfied.

"Once the existence of an arbitration agreement has been established, a presumption attaches favoring arbitration." *Henry*, 2000 WL 72154 at *3 (citing *Dallas Cardiology Assoc., P.A. v. Mallick*, 978 S.W.2d 209, 212 (Tex. Ct. App. 1998)). Further, once established, the burden of proof shifts to the opposing party to establish some ground for the revocation of the arbitration agreement. *Id. See also*, *Ikon Office Solutions, Inc. v. Eifert*, S.W.2d 688, 693 (Tex. Ct. App. 1999) (holding that since "Texas public policy favors arbitration, every reasonable presumption must be decided in favor of arbitration").

**B. In the Alternative, the Federal Arbitration Act Supports an Order to Arbitrate This Matter**

Section 2 of the Federal Arbitration Act, 9 U.S.C. §2, provides in part that:

> [a] written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. §2.

The Federal Arbitration Act, as interpreted by the Supreme Court of the United States, is fully applicable to this dispute and calls for arbitration between Plaintiff and FFAB. The

applicability of the Act was interpreted by the United States Supreme Court in *Allied-Bruce Terminex Companies, Inc. v. Dobson*, 513 U.S. 265, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995), wherein the Court stated that "the basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate." *Allied-Bruce Terminex*, 115 S. Ct. at 838.[4] In short, the Act was said "to put arbitration provisions on 'the same footing' as a contract's other terms." *Id.* at 840. The Court interpreted the Act expansively and said that the Act was to reach **all** transactions or contracts that fall within the broad scope of Congressional powers relating to interstate commerce. *Id.* at 839. The Court confirmed that the Act applies to all transactions that "in fact" involve interstate commerce. *Id.* at 843. Furthermore, in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S. Ct. 927, 940, 74 L. Ed. 2d.765 (1983), the Court held that any doubt concerning the scope of the issues covered by the arbitration agreement should be resolved in favor of arbitration. *Moses H. Cone Memorial Hospital*, 103 S. Ct. at 941. *See also Prudential Securities, Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995).

---

[4]State laws which invalidate arbitration agreements covered by the Federal Arbitration Act violate the Supremacy Clause of the United States Constitution. *See Southland Corp. v. Keating*, 465 U.S. 1, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984).

A party opposing an arbitration agreement bears the burden of defeating it. Thus, once it has been established that an agreement to arbitrate is within the provisions of the Federal Arbitration Act and that the claims at issue are within the agreement's scope, the trial court "has no discretion but to compel arbitration and stay its proceedings pending arbitration." *Cantella & Company, Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996), quoting *Shearson Lehman Brothers, Inc. v. Kilgore*, 871 S.W.2d 925, 928 (Tex. App. -- Corpus Christi 1994, orig. proceeding).

Under the relevant analysis, as articulated by the United States Supreme Court, there can be no question that the subject policy involves interstate commerce. See *Allied Bruce Terminex*, 115 S. Ct. at 841-43 (Rather than examining the parties' contemplation of interstate activity, a court considering whether there is a contract involving interstate commerce should simply look to whether the transaction involved interstate commerce "in fact.").

All MPCI policies are issued pursuant to a Standard Reinsurance Agreement with the FCIC. The MPCI policies at issue in the present case were issued pursuant to a Standard Reinsurance Agreement between the FCIC and FFAB. FFAB is a Montana corporation with its principal place of business located in Overland Park, Kansas. Furthermore, the terms of the reinsured policies are established by the FCIC and are uniform from state to state. Thus, the same Common Crop Provisions that apply to an MPCI policy issued

-8-

in Texas are applicable to an MPCI policy issued in any other state. Based upon these factors, there is no question that the MPCI policies involve interstate commerce.

It is likewise clear that the subject arbitration clause encompasses the dispute between Plaintiff and FFAB. As noted above, the arbitration clause requires factual disputes between the insured and the insurer to be submitted to arbitration in accordance with the rules of the American Arbitration Association. No matter how Plaintiff may attempt to characterize the issues, a plain reading of his Original Petition clearly reveals that the dispute falls within the parameters of the arbitration clause, and this dispute must be submitted to arbitration pursuant to the express terms thereof.

## IV.  CONCLUSION

The claim presented by Plaintiff under the MPCI policy in question is clearly subject to the arbitration clause contained therein. Further, Texas law is clear in the enforceability of arbitration provisions. In the alternative, the Federal Arbitration Act clearly dictates the enforceability of the arbitration provision at issue. Accordingly, Defendants respectfully move the Court to compel arbitration in accordance with the terms and conditions of the subject MPCI policy and Texas law.

Respectfully submitted,

JACKSON WALKER
112 E. Pecan Street, Suite 2100
San Antonio, TX 78205-1521
(210) 978-7700
Fax: (210) 978-7790

By _____
CYNTHIA LOPEZ BEVERAGE
STATE BAR NO. 00787076
FED. S.D. ID. NO. 21239

ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

W. KURT HENKE
ELIZABETH T. BUFKIN
HENKE-BUFKIN
Post Office Box 39
Clarksdale, Mississippi 38614
662-624-8500 (telephone)
662-624-8040 (telecopier)

### CERTIFICATE OF SERVICE

I, Cynthia Lopez Beverage, one of the attorneys of record for the Defendants in the above styled and numbered cause, do hereby certify that I have this day mailed, postage prepaid, a true and correct copy of the above and foregoing Memorandum Brief in Support of Defendants' Motion to Compel Arbitration to Richard W. Hunnicutt, III, Esq., and Isidro A. Castanon, Esq., Post Office Box 10157, San Antonio, TX 78201, attorneys for the Plaintiff.

THIS, the 22nd day of March, 2000.

_____
CYNTHIA LOPEZ BEVERAGE

C:\WINDOWS\TEMP\Motion to Compel Arb. - brief.wpd