United States District Court
Southern District of Texas
ENTERED

MAR 29 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROEL GONZALES D/B/A P.G. FARMS A/K/A P.G. FARMING, | § § § § | |
| Plaintiff, | § § § | |
| v. | § § § § | CIVIL ACTION C-00-119 |
| FIREMAN'S FUND AGRIBUSINESS, INC., D/B/A FIREMAN'S FUND, and CARROLL DUNN, | § § § § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered a sua sponte Motion for Remand. The Court REMANDS the case to the District Court for the 229th Judicial District, Duval County, Texas.

### I. JURISDICTION

Defendants removed this action pursuant to 28 U.S.C. §§ 1441 & 1446, asserting this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

Plaintiff originally filed this action in Texas district court in Duval County seeking to recover for catastrophic damages to his 1999 spring and fall watermelon crops. (Complaint at 1). Plaintiff alleges that the damage was caused by hail and resulting complications in the spring, and flooding and resulting complications in the fall, and that these types of damage were covered by an insurance policy issued by Defendant Fireman's Fund Agribusiness, Inc. ("FFAB"). (Id.) Plaintiff's complaint states the following state law causes of action: breach of the duty of good faith and fair dealing, breach of contract, violation of the Texas Insurance Code and Insurance Regulations, defamation, negligent misrepresentation, gross negligence and violation of the Texas Deceptive Trade Practices Act. (Id. at 3-4).

FFAB asserts that the policy in question in this case is a Multiple Peril Crop Insurance Policy ("MPCI"), and that "[a]ny MPCI policy issued, sold and serviced by Defendant [] is done so pursuant to the Federal Crop Insurance Act (FCIA) and the rules and regulations promulgated thereunder, 7 C.F.R. part 400, et seq." (Notice of Removal at 1). FFAB asserts that the doctrine

2

of complete preemption vests federal district courts with federal question jurisdiction over claims against private insurers that have issued policies governed by the FCIA. (Notice of Removal at 2); see Brown v. Crop Hail Management, 813 F.Supp. 519, 525-26 (S.D. Tex. 1993); Owen v. Crop Hail Management, 841 F.Supp. 297 (W.D.Mo. 1994).

## III. DISCUSSION

A defendant may remove a plaintiff's action from state court only if the case could have been originally filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). In the absence of diversity of citizenship, a defendant must establish federal question jurisdiction to effect proper removal. Id. (citing 28 U.S.C. S 1331). The "well-pleaded complaint rule" governs the issue of federal question jurisdiction. Id. This rule provides that federal jurisdiction exists only when a federal question is present on the face of a plaintiff's properly pleaded complaint. Id. The plaintiff, as "master of the claim", may avoid federal jurisdiction by relying exclusively on state law. Id. Therefore, a defendant may not normally remove a case to federal court by raising a federal question as a defense.

3

Id. at 393. Such a defense does not appear on the face of a well-pleaded complaint, and, therefore, cannot be used as the basis for removal to federal court. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).

The United States Supreme Court has found that, in extraordinary circumstances, a federal statute may completely preempt all state law claims if the statute so extensively regulates a particular area that it leaves no room for state law supplementation. Taylor, 481 U.S. 58, 65 (1987). Once the Court has found that a statute regulates a particular area in such a pervasive manner, then any ordinary state common law complaint is converted into one stating a federal claim for purposes of the well-pleaded complaint rule. Id. As a result, subject matter jurisdiction is possible even when the defendant raises a federal question as a defense which does not appear on the face of the complaint. Williams, 482 U.S. at 393-99.[1]

---

[1] "[V]arious forms of preemption do exist. However, a federal statute must completely preempt state law such that it occupies the entire field of regulation, rather than simply preempting inconsistent state laws, in order to meet complete preemption criteria." Bullard v. Southwest Crop Insurance Agency, 984 F.Supp 531, 534 n.1 (E.D.Tex.1997)(citing Wisconsin Public Intervenor v. Mortier, 501 U.S. 597, 604-05, 111 S.Ct. 2476, 2481-82, 115 L.Ed.2d 532 (1991)).

4

Once the court determines that federal law completely preempts state law in a certain area, it must be shown that the plaintiff's claim falls within the area completely preempted in order to justify removal jurisdiction. <u>Hyzer v. Cigna Property Casualty Ins. Co.</u>, 884 F.Supp. 1146, 1148-49 (E.D.Mich.1995) (citing <u>Warner v. Ford Motor Co.</u>, 46 F.3d 531, 535 (6th Cir.1995)). The federal court has subject matter jurisdiction over the matter if the plaintiff's claim falls within the completely preempted field. <u>Hyzer</u>, 884 F.Supp. at 1149 (citing <u>Whitman v. Raley's, Inc.</u>, 886 F.2d 1177, 1181 (9th Cir.1989)). If the plaintiff's state law claims do not fall within the area completely preempted and there exists no other means of establishing jurisdiction, the federal court lacks subject matter jurisdiction and should remand the case back to state court. <u>Taylor</u>, 481 U.S. at 65.

Courts only find the unusual preemptive force necessary to create removal jurisdiction when "Congress has clearly manifested an intent to make causes of action ... removable to federal court." <u>Id.</u>, 481 U.S. at 68. The "prudent course for a federal court that does not find a clear congressional intent to create

5

removal jurisdiction will be to remand the case to state court." Id.; see also Beers v. North American Van Lines, 836 F.2d 910, 913 n.3 (5th Cir.1988).

The Fifth Circuit has held that a federal statute does not completely preempt state law for the purposes of removal jurisdiction unless 1) the federal statute provides a civil enforcement provision that creates a federal cause of action that both replaces and protects the same interests as the preempted state law cause of action; 2) the statute includes a specific jurisdictional grant to the federal courts to enforce the cause of action created by that federal statute; and 3) clear congressional intent exists to make the preempted state claims removable to federal court. Aaron v. Nat. Union Fire Ins. Co. of Pittsburgh, Pennsylvania, 876 F.2d 1157, 1165 (5th Cir. 1989) (holding the Longshore and Harbor Workers' Compensation Act of 1939 not to meet the requirements of the complete preemption doctrine). The FCIA meets none of these criteria for actions against private insurers.

7 U.S.C. § 1508(j)(2) provides as follows:

    (A) In general

6

> Subject to subparagraph (B), if a claim for indemnity is denied by the [Federal Crop Insurance Corporation][2] or an approved provider, an action on the claim may be brought against the [FCIC] or Secretary only in the United States district court for the district in which the farm is located.
>
> (B) Statute of limitations
>
> A suit on the claim may be brought not later than 1 year after the date on which final notice of denial of the claim is provided to the claimant.

7 U.S.C. § 1508(j)(2). This Court agrees with the reasoning of the Eleventh Circuit, which has held that § 1508(j) and its statutory predecessors create no "federal cause of action against a private insurance company reinsured by the FCIC." <u>Williams Farms of Homestead v. Rain and Hail Ins.</u>, 121 F.3d 630, 633 (11th Cir. 1997). "Thus, the district court correctly concluded that it lacked federal question jurisdiction over such a suit." <u>Id.</u>;

---

[2] Herein "FCIC".

7

see also <u>Bullard v. Southwest Crop Ins. Agency, Inc.</u>, 984 F.Supp. 531, 536 (S.D.Tex. 1997).

The cases which FFAB cites in support of complete preemption reason, however, that § 1508(j), when read in conjunction with the following sections of the Code of Federal Regulations, does in fact create a cause of action against private insurers:

> No state or local governmental body or non-governmental body shall have the authority to promulgate rules or regulations, pass laws, or issue policies or decisions that directly or indirectly affect or govern agreements, contracts, or actions authorized by this part unless such authority is specifically authorized by this part or by the [FCIC].

7 C.F.R. § 400.352.

> These regulations are applicable to all policies of insurance, insured or reinsured by the [FCIC].

7 C.F.R. 400.351.

8

> No policy of insurance reinsured by the [FCIC] and no claim, settlement, or adjustment action with respect to any such policy shall provide a basis for a claim of damages against the Company issuing such policy, other than damages to which the [FCIC] would be liable under federal law if the [FCIC] had issued the policy of insurance under its direct writing program, unless the claimant establishes in a court of competent jurisdiction, or to the satisfaction of the [FCIC] in the event of a settlement, that such damages were caused by the culpable failure of the Company to substantially comply with the [FCIC]'s procedures or instructions in the handling of the claim or in servicing the insured's policy, or unless the Company or its agents were acting outside the scope of their authority (apparent or implied) in performing or omitting the actions claimed as a basis for the damage action.

7 C.F.R. § 400.176(b). "The purpose of these sections is to prescribe the procedures for federal preemption of State laws and

9

regulations not consistent with the purpose, intent, or authority of the FCIA." <u>Brown</u>, 813 F.Supp at 525.

A federal agency acting within the scope of its congressionally delegated authority has the power to preempt state law. <u>Louisiana Public Serv. Com. v. F.C.C.</u>, 476 U.S. 355, 369 (1986). However, "it is quite another matter to conclude that an agency may also completely or super preempt an area, thereby allowing an agency to create federal court subject matter jurisdiction where none exists." <u>Bullard</u>, 984 F.Supp at 537, n.5 (quoting <u>Hyzer v. Cigna Property Casualty Ins. Co.</u>, 884 F.Supp. 1146, 1152 (E.D.Mich.1995)). Defendant cites <u>Kansas ex rel Todd v. United States</u>, 955 F.2d 1505 (10th Cir. 1993) for the proposition that federal regulations can provide sufficient grounds for complete preemption. (Notice of Removal at 2). However, "[s]ince <u>Todd</u> focused on ordinary preemption and not complete preemption, Defendants' reliance on it is misplaced." <u>Bullard</u>, 984 F.Supp. at 537, n.5.

The Court therefore finds that FCIA does provide federal question jurisdiction for actions against private insurers.

10

## IV. CONCLUSION

Since the Court does not have subject matter jurisdiction over this matter, this cause of action is REMANDED, pursuant to 28 U.S.C. § 1446(c), to the 229th Judicial District Court, Duval County, Texas, where it was assigned cause number DC-00-48.

ENTERED on this the 27th day of March, 2000.

_____
JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

11